# EXHIBIT 7

## to Donimirski Declaration

## **DEFINITIONS**

1.      The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence and should be construed in the broadest sense permissible.  Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made.  Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.  In addition, the word "document(s)" encompasses electronically stored information ("ESI") including but not limited to "email," "voice mail," "text messages," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2.      The word "Person(s)" includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business or

government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

3. As used herein, any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

4. The term "Affiliated Person" includes all affiliated entities, subsidiaries, or parent entities.

5. The term "you" and "your" refers to [Respondent] and its Affiliated Persons, including but not limited to any predecessor or successor thereof.

## INSTRUCTIONS

1. The following instructions (as well as the requirements of Rule 34 of the Federal Rules of Civil Procedure and the applicable Local Rules) apply to these Document Requests:

2. Each request for a document contemplates production of the document in its entirety, without abbreviation or redaction.

3. Each request for documents seeks production of all documents described herein, and any attachments thereto, in Your possession. custody, or control or in the possession, custody or control of any of Your attorneys, employees, agents, or representatives, and all documents and any attachments which You or any of Your attorneys, employees, agents, or representatives have the legal right to obtain or have the ability to obtain from sources under Your or their control.

4. These requests are continuing in nature. Any additional documents coming into Your possession that are responsive to the foregoing requests shall be furnished promptly.

Additionally, if You become aware that a response is inaccurate, incomplete, or misleading, You are required to supplement or amend Your response.

5. You should produce documents or communications not directly responsive to a request if such documents or communications refer to, relate to, reflect, concern, or explain the documents or communications called for by the document request, or if such documents or communications are attached to documents or communications called for by the request.

6. If any of the following requests for production of documents cannot be complied with in full, You must comply with each to the extent possible and provide an explanation as to why full compliance is not possible.

7. If there are no documents or communications responsive to a particular request, You must so state in writing.

8. If a Request is objected to, please state as clearly as possible whether documents are being produced in response to the Request, or whether documents facially responsive to the Request are being withheld or not being searched for. If documents facially responsive to the Request are being withheld or not being searched for, please indicate clearly and specifically the nature of those documents.

9. If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection. You must also provide a particularized objection to those requests or portions of requests to which You object.

10. If You claim that any privilege is applicable to any document sought by this request, You must identify the document, its author, its type, its general subject matter, its date, its recipients (if any), the relationship between the author and recipients (if any), and the privilege

3

asserted.

11. If a document responsive to the requests has been altered or destroyed or otherwise disposed of, You must identify that document as completely as possible, including its type; general subject matter, date, author, its recipients (if any); the relationship between the author and recipients (if any); the reason for its alteration, destruction, or disposal; and each and every person who authorized that alteration, destruction, or disposal.

12. In producing documents, all documents that are physically attached to each other shall be produced in that form. If a document responsive to any request cannot be produced in full, You must produce it to the extent possible and provide an explanation stating why production of the remainder is not possible.

13. We reserve all rights to expand or supplement all requests for information and the documents and communications set forth herein.

14. In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses as you receive or identify additional information or documents between the time of your response and the time of trial in this case. If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

15. Unless otherwise specified, the relevant time period for the following Requests is from November 1, 2022 to the present.

## **DOCUMENT REQUESTS**

You are hereby requested to produce the following:

1. Documents sufficient to identify any and all accounts of any type, including but not limited to savings, checking, or investment accounts, held by or in the name of Asociación del Fútbol Argentino, Tourprodenter LLC, Global FC LLC, Prosport Live LLC, or Wintec Enterprise LLC, and their respective Affiliated Persons.

2. All documents concerning the Persons authorized to operate the accounts identified in response to Request No. 1.

3. All documents concerning the opening of any and all accounts held by or in the name of Asociación del Fútbol Argentino, Tourprodenter LLC, Global FC LLC, Prosport Live LLC, or Wintec Enterprise LLC, including, but not limited to, account-opening forms, correspondence, "know your customer" forms, due diligence materials, e-mails, and notes and summaries of conversations.

4. All documents relating to any transactions in the accounts of Asociación del Fútbol Argentino, Tourprodenter LLC, Global FC LLC, Prosport Live LLC, or Wintec Enterprise LLC, including but not limited to any transactions that reference China Rainbow International Investment Co., Shaanxi Provincial Sports Industry Group Co., Ltd., 4E International Ltd., Hong Kong Xunni Trading Co., Limited, Cardenas Marketing Network, Inc, or Grupo Cardenas, Inc., and including but not limited to any wire transactions where these Persons, or anyone purporting to represent its interests, is listed as the sender, originator, beneficiary or ultimate beneficiary. Please provide sufficient documentation to indicate the amounts, origin, and destination accounts for these transactions.