# EXHIBIT 1

## REDACTED PUBLIC VERSION

 **BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

BANK OF AMERICA
**Preferred Rewards**
For Business

**Customer service information**

☐ 1.888.BUSINESS (1.888.287.4637)

✉ bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

TOURPRODENTER LLC
2920 NE 207TH ST STE 804
AVENTURA, FL  33180-1441

# Your Business Advantage Relationship Banking Preferred Rewards for Bus Platinum Honors

for April 1, 2024 to April 30, 2024                Account number: ▇▇▇▇▇▇ 0839

**TOURPRODENTER LLC**



 You've got a banking partner ready to help.

As your dedicated Small Business Specialist, I'm here to help with all of your business's financial needs and priorities.

**Contact me today.**
Iliana Romero
305.697.5634
iliana.romero@bofa.com

SSM-09-23-0714.B | 597250A

PULL: E   CYCLE: 60   SPEC: E   DELIVERY: E   TYPE:   IMAGE: I   BC: FL                Page 1 of 6

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

**How to Contact Us** - You may call us at the telephone number listed on the front of this statement.

**Updating your contact information** - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

**Deposit agreement** - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

**Electronic transfers: In case of errors or questions about your electronic transfers** - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

**Reporting other problems** - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

**Direct deposits** - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2024 Bank of America Corporation

**Bank of America, N.A. Member FDIC and** ⌂ **Equal Housing Lender**



P.O. Box 15284
Wilmington, DE 19850

BANK OF AMERICA
**Preferred Rewards**
For Business

**Customer service information**

☐ Customer service: 1.888.852.5000

✉ bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

TOURPRODENTER LLC
2920 NE 207TH ST STE 804
AVENTURA, FL  33180-1441

# Your Business Advantage Relationship Banking Preferred Rewards for Bus Platinum Honors

for June 1, 2024 to June 30, 2024                                    Account number: ███████0839

**TOURPRODENTER LLC**

BANK OF AMERICA BUSINESS ADVANTAGE

## Join the Bank of America® Advisory Panel

Have your opinion heard. As a member of our Advisory Panel, you can influence the way Bank of America does business — so we can better support business owners like you.

Enter code **SBDD** at **bankofamerica.com/AdvisoryPanel** to learn more and join.

Inclusion on the Advisory Panel subject to qualifications.                     SSM-02-24-0024.B  |  6328609

PULL: E  CYCLE: 60  SPEC: E  DELIVERY: E  TYPE:   IMAGE: I   BC: FL                     Page 1 of 8

TOURPRODENTER LLC   |   Account # ████████ 0839   |   June 1, 2024 to June 30, 2024

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

**How to Contact Us** - You may call us at the telephone number listed on the front of this statement.

**Updating your contact information** - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

**Deposit agreement** - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

**Electronic transfers: In case of errors or questions about your electronic transfers** - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- – Tell us your name and account number.
- – Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- – Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

**Reporting other problems** - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

**Direct deposits** - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2024 Bank of America Corporation

**Bank of America, N.A. Member FDIC and** 🏠 **Equal Housing Lender**



**BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

TOURPRODENTER LLC
17749 COLLINS AVE APT 1401
SUNNY ISLES BEACH, FL  33160-4696

BANK OF AMERICA
**Preferred Rewards**
For Business

**Customer service information**

▯ Customer service: 1.888.852.5000

✉ bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Full Analysis Business Checking - Small Business Preferred Rewards for Bus Platinum Honors

for December 1, 2024 to December 31, 2024                    Account number: ▮▮▮▮ 0839

**TOURPRODENTER LLC**

TOURPRODENTER LLC | Account # ███████ 0839 | December 1, 2024 to December 31, 2024

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

**How to Contact Us** - You may call us at the telephone number listed on the front of this statement.

**Updating your contact information** - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

**Deposit agreement** - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

**Electronic transfers: In case of errors or questions about your electronic transfers** - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

**Reporting other problems** - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

**Direct deposits** - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2024 Bank of America Corporation

**Bank of America, N.A. Member FDIC and  🏠  Equal Housing Lender**

This page intentionally left blank



**BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

BANK OF AMERICA
**Preferred Rewards**
For Business

**Customer service information**

📱 Customer service: 1.888.852.5000

✉ bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

TOURPRODENTER LLC
17749 COLLINS AVE APT 1401
SUNNY ISLES BEACH, FL  33160-4696

# Your Full Analysis Business Checking - Small Business Preferred Rewards for Bus Platinum Honors

for January 1, 2025 to January 31, 2025          Account number: ▬▬▬▬ 0839

**TOURPRODENTER LLC**

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

**How to Contact Us** - You may call us at the telephone number listed on the front of this statement.

**Updating your contact information** - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

**Deposit agreement** - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

**Electronic transfers: In case of errors or questions about your electronic transfers** - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

**Reporting other problems** - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

**Direct deposits** - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2025 Bank of America Corporation

**Bank of America, N.A. Member FDIC and**  **Equal Housing Lender**

This page intentionally left blank

# EXHIBIT 2

# REDACTED PUBLIC VERSION

DUPLICATE STATEMENT

# CHASE ◯

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

May 01, 2024 through May 31, 2024
Account Number:                    0387

00008159 DRE 021 080 15324 NNNNNNNNNNN  1 000000000 01

GLOBAL FC LLC
4154 VILLANOVA ST
HOUSTON TX 77005-3527

## CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | **Chase.com** |
| Service Center: | **1-800-242-7338** |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |
| We accept operator relay calls | |



**SB1773220-F2**

**59**

Page 1 of 4

CHASE ⬡

May 01, 2024 through May 31, 2024

Account Number: ██████████ 0387

This Page Intentionally Left Blank

## CHASE ⬡

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

Mayo 01, 2024 a Mayo 31, 2024

Número De Cuenta: ████████ **0387**

### INFORMACIÓN PARA ATENCIÓN AL CLIENTE

| | |
|---|---|
| Sitio Web: | **Chase.com** |
| Centro de atención al cliente: | **1-800-242-7338** |
| Para Español: | 1-888-622-4273 |
| Llamadas internacionales: | 1-713-262-1679 |
| Aceptamos llamadas de retransmisión con operador | |

00238850 DRE 021 210 15324 NNNNNNNNNNN  1 000000000 64 0000

GLOBAL FC LLC
4154 VILLANOVA ST
HOUSTON TX 77005-3527



**SB1773220-F2**

Página 1 de 4

**63**



Mayo 01, 2024 a Mayo 31, 2024
Número De Cuenta: ████████ **0387**

Esta página se ha dejado en blanco intencionalmente

**SB1773220-F2**                                                                                                                **66**

# EXHIBIT 3

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

_____

# FORM 10-K
_____

☒     **Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934**

**For the fiscal year ended December 31, 2024**

**or**

☐     **Transition Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934**

**Commission File Number: 001-16715**

# First Citizens BancShares, Inc.
**(Exact name of Registrant as specified in its charter)**

| | |
|---|---|
| **Delaware** | **56-1528994** |
| **(State or other jurisdiction of incorporation or organization)** | **(I.R.S. Employer Identification Number)** |
| **4300 Six Forks Road Raleigh**     **North Carolina** | **27609** |
| **(Address of principle executive offices)** | **(Zip code)** |

**(919) 716-7000**
**(Registrant's telephone number, including area code)**

_____

**Securities registered pursuant to Section 12(b) of the Securities Exchange Act of 1934:**

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Class A Common Stock, Par Value $1 | FCNCA | Nasdaq Global Select Market |
| Depositary Shares, Each Representing a 1/40th Interest in a Share of 5.375% Non-Cumulative Perpetual Preferred Stock, Series A | FCNCP | Nasdaq Global Select Market |
| 5.625% Non-Cumulative Perpetual Preferred Stock, Series C | FCNCO | Nasdaq Global Select Market |

**Securities registered pursuant to Section 12(g) of the Securities Exchange Act of 1934:**

Class B Common Stock, Par Value $1

Indicate by check mark if the Registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☒  No ☐

Indicate by check mark if the Registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐  No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☒ No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files). Yes ☒ No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer", "smaller reporting company" and 'emerging growth company' in Rule 12b-2 of the Exchange Act.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Large accelerated filer | ☒ | Accelerated filer | ☐ | Non-accelerated filer | ☐ | Smaller reporting company | ☐ | Emerging growth company | ☐ |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant has filed a report on and attestation to its management's assessment of the effectiveness of its internal control over financial reporting under Section 404(b) of the Sarbanes-Oxley Act (15 U.S.C. 7262(b)) by the registered public accounting firm that prepared or issued its audit report. ☒

If securities are registered pursuant to Section 12(b) of the Act, indicate by check mark whether the financial statements of the registrant included in the filing reflect the correction of an error to previously issued financial statements. ☐

Indicate by check mark whether any of those error corrections are restatements that required a recovery analysis of incentive-based compensation received by any of the registrant's executive officers during the relevant recovery period pursuant to §240.10D-1(b). ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). Yes ☐ No ☒

The aggregate market value of the Registrant's common equity held by non-affiliates computed by reference to the price at which the common equity was last sold as of the last business day of the Registrant's most recently completed second fiscal quarter was $17,290,620,797.

On February 14, 2025, there were 12,572,063 outstanding shares of the Registrant's Class A Common Stock and 1,005,185 outstanding shares of the Registrant's Class B Common Stock.

DOCUMENTS INCORPORATED BY REFERENCE

Portions of the Registrant's definitive Proxy Statement for the 2025 Annual Meeting of Stockholders are incorporated by reference into Part III of this report.

PAGES INTENTIONALLY OMITTED

# PART I—FINANCIAL INFORMATION

**Item 1. Business**

**General**

First Citizens BancShares, Inc. (the "Parent Company" and when including all of its subsidiaries on a consolidated basis, "BancShares," "we," "us," or "our") was incorporated under the laws of Delaware on August 7, 1986, to become the holding company of First-Citizens Bank & Trust Company ("FCB"), its banking subsidiary. FCB opened in 1898 as the Bank of Smithfield in Smithfield, North Carolina, and later changed its name to First-Citizens Bank & Trust Company.

BancShares has expanded through de novo branching and acquisitions and as of December 31, 2024, operates a network of more than 500 branches and offices nationwide, predominantly located in the Southeast, Mid-Atlantic, Midwest, and Western United States, providing a broad range of financial services to individuals, businesses and professionals. At December 31, 2024, BancShares had total consolidated assets of $223.72 billion.

Throughout its history, the operations of BancShares have been significantly influenced by descendants of Robert P. Holding, who came to control FCB during the 1920s. Robert P. Holding's children and grandchildren have served as members of the Board of Directors (the "Board") of BancShares and of the Board of Directors of FCB (collectively with the Board of BancShares, the "Boards"), as chief executive officers and in other executive management positions and, since BancShares' formation in 1986, have remained stockholders owning a large percentage of its common stock.

The Chairman of the Boards and Chief Executive Officer, Frank B. Holding, Jr., is the grandson of Robert P. Holding. Hope Holding Bryant, Vice Chairwoman of the Boards, is Robert P. Holding's granddaughter. Peter M. Bristow, President and member of the Boards, is the brother-in-law of Frank B. Holding, Jr. and Hope Holding Bryant.

BancShares provides financial services for a wide range of consumer and commercial clients. This includes retail and mortgage banking, wealth management, small and middle market banking, factoring and leasing. BancShares provides commercial factoring, receivables management and secured financing services to businesses (generally manufacturers or importers of goods) that operate in various industries, including apparel, textile, furniture, home furnishings and consumer electronics. BancShares also provides deposit, cash management and lending to homeowner associations and property management companies. BancShares also owns a fleet of railcars and locomotives that are leased to railroads and shippers. Refer to the Segments section below for more information on markets we serve and products and services we offer.

BancShares delivers banking products and services to its customers through an extensive branch network and additionally operates a nationwide digital banking platform that delivers deposit products to consumers (the "Direct Bank"). Services offered at most branches include accepting deposits, cashing checks and providing for consumer and commercial cash needs. Consumer and business customers may also conduct banking transactions through various digital channels.

In addition to our banking operations, we provide various investment products and services through FCB's wholly owned subsidiaries, including First Citizens Investor Services, Inc. ("FCIS") and First Citizens Asset Management, Inc. ("FCAM"), and a non-bank subsidiary First Citizens Capital Securities, LLC ("FCCS"). As a registered broker-dealer, FCIS provides a full range of investment products, including annuities, brokerage services and third-party mutual funds. As registered investment advisers, FCIS and FCAM provide investment management services and advice. FCCS is a broker-dealer that also provides underwriting and private placement services. We also have other wholly owned subsidiaries, including SVB Wealth LLC, SVB Asset Management, and First Citizens Institutional Asset Management, LLC, which are active investment advisers.

Information regarding our business activities and operations is found in Item 7. Management's Discussion and Analysis of Financial Condition and Results of Operations.

# EXHIBIT 4

Delaware.gov                                                    Governor | General Assembly | Courts | Elected Officials | State Agencies



**Department of State: Division of Corporations**

Allowable Characters

HOME

| Entity Details |
|---|

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| File Number: | 2098420 | Incorporation Date / Formation Date: | 8/8/1986 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | FIRST CITIZENS BANCSHARES, INC. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| Name: | THE CORPORATION TRUST COMPANY | | |
|---|---|---|---|
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19801 |
| Phone: | 302-658-7581 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status  ○ Status,Tax & History Information

[ Submit ]

[ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

# EXHIBIT 5



< 🏛 BankFind Suite Home          Back to Search Results

# PNC Bank, National Association

Download Results

Data as of 01/16/2026

| **Institution Details** | Locations | History | Financials | Other Names |
|---|---|---|---|---|

## Institution Details



**FDIC Insured**
Since 01/01/1934

**FDIC Cert #**
6384

**Established**
01/01/1804

**Bank Charter Class**
National Banks, member of the Federal Reserve Systems (FRS)

**Primary Federal Regulator**
Comptroller of the Currency

**Secondary Federal Regulator**
CFPB

**Corporate Headquarters**
222 Delaware Ave
Wilmington, DE 19801

**Primary Website**
www.pnc.com

**Locations**
2,330 domestic locations:
28 states and 0 territories.
1 in foreign location.

**Consumer Assistance**
HelpWithMyBank.gov

**Contact the FDIC**
Questions about Bank Information

## Other Institution Identifiers used by Regulatory Agencies

| Identifier Name (Hover for description) | | Identifier Value |
|---|---|---|
| FDIC Unique Number (UNINUM) | ? | 4287 |
| FRB ID (RSS-ID) | ? | 817824 |
| FRB ID for Bank Holding Company (RSSDHCR) | ? | 1069778 |
| OCC Charter Number (CHARTER) | ? | 1316 |

# EXHIBIT 6

# UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
**Washington, DC 20549**

# FORM 10-K

☒   **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the fiscal year ended December 31, 2024**

or

☐   **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the transition period from        to**

**Commission file number 001-09718**

# THE PNC FINANCIAL SERVICES GROUP, INC.

(Exact name of registrant as specified in its charter)

| **Pennsylvania** | **25-1435979** |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |

**The Tower at PNC Plaza, 300 Fifth Avenue, Pittsburgh, Pennsylvania 15222-2401**
**(Address of principal executive offices, including zip code)**

Registrant's telephone number, including area code - **(888) 762-2265**

Securities registered pursuant to Section 12(b) of the Act:

| Title of Each Class | Trading Symbol(s) | Name of Each Exchange on Which Registered |
|---|---|---|
| **Common Stock, par value $5.00** | PNC | New York Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act:
**$1.80 Cumulative Convertible Preferred Stock - Series B, par value $1.00**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☒ No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐ No ☒

Indicate by check mark whether the registrant: (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☒ No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files).  Yes ☒ No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

| Large accelerated filer | ☒ | Accelerated filer | ☐ | Emerging growth company | ☐ |
| Non-accelerated filer | ☐ | Smaller reporting company | ☐ | | |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant has filed a report on and attestation to its management's assessment of the effectiveness of its internal control over financial reporting under Section 404(b) of the Sarbanes-Oxley Act (15 U.S.C. 7262(b)) by the registered public accounting firm that prepared or issued its audit report. ☒

If securities are registered pursuant to Section 12(b) of the Act, indicate by check mark whether the financial statements of the registrant included in the filing reflect the correction of an error to previously issued financial statements. ☐

Indicate by check mark whether any of those error corrections are restatements that required a recovery analysis of incentive-based compensation received by any of the registrant's executive officers during the relevant recovery period pursuant to §240.10D-1(b). ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act). Yes ☐ No ☒

The aggregate market value of the registrant's outstanding voting common stock held by nonaffiliates on June 30, 2024, determined using the per share closing price on that date on the New York Stock Exchange of $155.48, was approximately $61.6 billion. There is no non-voting common equity of the registrant outstanding.

Number of shares of registrant's common stock outstanding at February 3, 2025: 395,749,583

DOCUMENTS INCORPORATED BY REFERENCE

Portions of the definitive Proxy Statement of The PNC Financial Services Group, Inc. to be filed pursuant to Regulation 14A for the 2025 annual meeting of shareholders (Proxy Statement) are incorporated by reference into Part III of this Form 10-K.

PAGES INTENTIONALLY OMITTED

# PART I

*Forward-Looking Statements: From time to time, The PNC Financial Services Group, Inc. has made and may continue to make written or oral forward-looking statements regarding our outlook for financial performance, such as earnings, revenues, expenses, tax rates, capital and liquidity levels and ratios, asset levels, asset quality, financial position and other matters regarding or affecting us and our future business and operations or the impact of legal, regulatory or supervisory matters on our business operations or performance, including our sustainability strategy. This Annual Report on Form 10-K (the "Report" or "Form 10-K") includes such forward-looking statements. With respect to all such forward-looking statements, you should review our Risk Factors discussion in Item 1A, our Risk Management, Critical Accounting Estimates and Judgments, and Cautionary Statement Regarding Forward-Looking Information sections included in Item 7, and Note 20 Legal Proceedings. In this Report, "PNC," "we," "us," "the Company" or "the Corporation" refers to The PNC Financial Services Group, Inc. and its subsidiaries on a consolidated basis (except when referring to PNC as a public company, its common stock or other securities issued by PNC, which just refer to The PNC Financial Services Group, Inc.). References to The PNC Financial Services Group, Inc. or to any of its subsidiaries are specifically made where applicable.*

*See page 190 for a glossary of certain terms and acronyms used in this Report.*

## ITEM 1 – BUSINESS

### Business Overview

Headquartered in Pittsburgh, Pennsylvania, we are one of the largest diversified financial institutions in the U.S. We have businesses engaged in retail banking, including residential mortgage, corporate and institutional banking and asset management, providing many of our products and services nationally. Our retail branch network is located coast-to-coast. We also have strategic international offices in four countries outside the U.S. At December 31, 2024, our consolidated total assets, total deposits and total shareholders' equity were $560.0 billion, $426.7 billion and $54.4 billion, respectively.

We were incorporated under the laws of the Commonwealth of Pennsylvania in 1983 with the consolidation of Pittsburgh National Corporation and Provident National Corporation. Since 1983, we have diversified our geographical presence, business mix and product capabilities through organic growth, strategic bank and non-bank acquisitions and equity investments, and the formation of various non-banking subsidiaries. We offer a broad range of deposit, credit and fee-based products and services to serve our customers. See Note 22 Segment Reporting for additional details regarding our products and services.

### Signature Bank Portfolio Acquisition

On October 2, 2023, PNC acquired a portfolio of capital commitments facilities from Signature Bridge Bank, N.A. through an agreement with the FDIC as receiver of the former Signature Bank, New York. The acquired portfolio represented approximately $16.0 billion in total commitments, including approximately $9.0 billion of funded loans, at the time of acquisition.

### Subsidiaries

Our corporate legal structure at December 31, 2024 consisted of one domestic subsidiary bank, including its subsidiaries, and 53 active non-bank subsidiaries, in addition to various affordable housing investments and historic rehabilitation investments. Our bank subsidiary is PNC Bank, a national bank chartered in Wilmington, Delaware. For additional information on certain of our subsidiaries, see Exhibit 21 to this Report.

### Supervision and Regulation

The PNC Financial Services Group, Inc. is a BHC registered under the BHC Act and a financial holding company under the GLB Act. PNC primarily conducts its business through its domestic bank subsidiary, PNC Bank, a national banking association chartered and located in Wilmington, Delaware.

We are subject to numerous governmental regulations, some of which are highlighted below. See Note 19 Regulatory Matters for additional information regarding our regulatory matters. Applicable laws and regulations restrict our permissible activities and investments, impose conditions and requirements on the products and services we offer and the manner in which they are offered and sold, and require compliance with protections for loan, deposit, brokerage, fiduciary, investment management and other customers, among other things. They also restrict our ability to repurchase stock or pay dividends, or to receive dividends from our bank subsidiary, and impose capital adequacy and liquidity requirements. The consequences of noncompliance with these, or other applicable laws or regulations, can include substantial monetary and nonmonetary sanctions. See the additional information included

# EXHIBIT 7

 **Office of the Comptroller of the Currency**

# Financial Institution Search

Search for a financial institution by name or charter number. Visit the [Active Institutions](#) list to confirm that the Office of the Comptroller of the Currency (OCC) regulates your financial institution.

For more information about this search, please visit the [Financial Institution Search](#) homepage.

| PNC Bank, National Association | x | 🔍 |
|---|---|---|

[Back to Search Results](#)

## PNC Bank, National Association (1316)

| Institution Information |
|---|

**Corporate Address**
222 Delaware Avenue
Wilmington, DE 19899

**Charter / License**
1316

**Status**
Active

**Institution Type**
National Bank

**Trust Bank**
No

**Charter Date**
06/21/1865

**Total Assets (000's)**
$563,953,196

**Total Assets Date**
09/30/2025

**FDIC Insurance Status**
Insured

**FDIC Certificate**
6384

**FRB RSSD**
817824

**Legal Entity Identifier (LEI)**
AD6GFRVSDT01YPT1CS68

| Related Institutions | Show ⊕ |
| --- | --- |

# Community Reinvestment Act (CRA)

[Other CRA Resources](#)

**Last CRA Rating**
Outstanding

**Date**
Jun 6, 2022

**Details**
[Evaluation Document](#)

## CRA Trend (Rating)

| Date: | 6/6/2022 |
| --- | --- |
| Outstanding: |  |
| Satisfactory: | |
| Needs to Improve: | |

**Substantial Noncompliance:**

| | |
|---|---|
| **Date:** | 3/19/2018 |
| **Outstanding:** | ✓ |
| **Satisfactory:** | |
| **Needs to Improve:** | |
| **Substantial Noncompliance:** | |

## Enforcement Actions (EA) ↗

### Most Recent Enforcement Actions

**Individual:**

| | |
|---|---|
| **Type*:** | CMP |
| **Amount:** | $2,614,456.00 |
| **Start Date:** | 7/18/2022 |
| **Start Document:** | 2022-031 |
| **Termination Date:** | |
| **Termination Document:** | |

**Individual:**

| | |
|---|---|
| **Type*:** | CMP |
| **Amount:** | $15,000,000.00 |
| **Start Date:** | 5/1/2018 |
| **Start Document:** | 2018-031 |
| **Termination Date:** | |
| **Termination Document:** | |

**Individual:**

**Type\*:**          CMP

**Amount:**          $207,245.00

**Start Date:**       5/1/2018

**Start Document:**   2018-030

**Termination Date:**

**Termination Document:**

[*Enforcement Action Types](#)

This search does not include actions against Institution Affiliated Parties (IAPs). Launch EA search to find actions against individuals associated with this institution.

## Corporate Actions (CA)

**Corporate actions completed within the last 30 years**
There is a five day delay between when an application is received and when it becomes viewable.

| | |
|---|---|
| **Date:** | 5/1/2022 |
| **Type:** | Merger with Non-Bank - National Bank Survives |
| **Application Number:** | 2021-LB-215a3-324406 |
| **City, State:** | Wilmington, DE |

| | |
|---|---|
| **Date:** | 10/8/2021 |
| **Type:** | Business Combination - Non-Affiliate Merger |
| **Application Number:** | 2020-LB-Combination-318991 |
| **City, State:** | Wilmington, DE |

| | |
|---|---|
| **Date:** | 9/4/2012 |
| **Type:** | Merger with Non-Bank - National Bank Survives |

**Application Number:** 2012-NE-12-0151

**City, State:** WILMINGTON, DE

---

**Date:** 3/2/2012

**Type:** Business Combination - Affiliate Merger

**Application Number:** 2011-NE-02-0021

**City, State:** WILMINGTON, DE

---

**Date:** 12/9/2011

**Type:** Business Combination - Non-Affiliate Purchase and Assumption

**Application Number:** 2011-NE-02-0023

**City, State:** WILMINGTON, DE

---

**Date:** 6/3/2011

**Type:** Business Combination - Non-Affiliate Purchase and Assumption

**Application Number:** 2011-NE-02-0006

**City, State:** WILMINGTON, DE

---

**Date:** 1/1/2011

**Type:** Merger with Non-Bank - National Bank Survives

**Application Number:** 2010-NE-12-0313

**City, State:** WILMINGTON, DE

---

**Date:** 1/1/2011

**Type:** Merger with Non-Bank - National Bank Survives

**Application Number:** 2010-NE-12-0314

**City, State:** WILMINGTON, DE

## Corporate Action References

Comptroller's Licensing Manual - The Comptroller's Licensing Manual consists of a series of booklets that explain the OCC's policies and procedures on key licensing

topics. The OCC recommends reading the booklet before accessing the sample documents.

Weekly Bulletins - The Weekly Bulletin is the record of receipt and actions taken by the OCC on applications and notices filed by national banks, federal savings associations, and federal branches and agencies.

## External Data Resources

Institution Searches

- FDIC Institution Search
- National Information Center Institution Search
- FFIEC UBPR & Call Reports

# EXHIBIT 8

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**
**Form 10-K**

Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

For the fiscal year ended December 31, 2024    Commission File Number 001-2979

**WELLS FARGO & COMPANY**
(Exact name of registrant as specified in its charter)

| **Delaware** | **No. 41-0449260** |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |

**420 Montgomery Street, San Francisco, California 94104**

(Address of principal executive offices) (Zip code)

Registrant's telephone number, including area code: **415-371-2921**

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of Each Class | Trading Symbols | Name of Each Exchange on Which Registered |
|---|---|---|
| Common Stock, par value $1-2/3 | WFC | New York Stock Exchange (NYSE) |
| 7.5% Non-Cumulative Perpetual Convertible Class A Preferred Stock, Series L | WFC.PRL | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series Y | WFC.PRY | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series Z | WFC.PRZ | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series AA | WFC.PRA | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series CC | WFC.PRC | NYSE |
| Depositary Shares, each representing a 1/1000th interest in a share of Non-Cumulative Perpetual Class A Preferred Stock, Series DD | WFC.PRD | NYSE |
| Guarantee of Medium-Term Notes, Series A, due October 30, 2028 of Wells Fargo Finance LLC | WFC/28A | NYSE |

**Securities registered pursuant to Section 12(g) of the Act:**
Dividend Equalization Preferred Shares, no par value

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.    Yes ☐  No ☑

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.    Yes ☐  No ☑

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.    Yes ☑  No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files).    Yes ☑  No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

| | |
|---|---|
| Large accelerated filer ☑ | Accelerated filer ☐ |
| Non-accelerated filer ☐ | Smaller reporting company ☐ |
| | Emerging growth company ☐ |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act.    ☐

Indicate by check mark whether the registrant has filed a report on and attestation to its management's assessment of the effectiveness of its internal control over financial reporting under Section 404(b) of the Sarbanes-Oxley Act (15 U.S.C. 7262(b)) by the registered public accounting firm that prepared or issued its audit report.    ☑

If securities are registered pursuant to Section 12(b) of the Act, indicate by check mark whether the financial statements of the registrant included in the filing reflect the correction of an error to previously issued financial statements.    ☐

Indicate by check mark whether any of those error corrections are restatements that required a recovery analysis of incentive-based compensation received by any of the registrant's executive officers during the relevant recovery period pursuant to § 240.10D-1(b).    ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).    Yes ☐  No ☑

At June 28, 2024, the aggregate market value of common stock held by non-affiliates was approximately $201.6 billion, based on a closing price of $59.39. At February 14, 2025, 3,288,186,582 shares of common stock were outstanding.

**Documents Incorporated by Reference**

| Incorporated Documents | Where incorporated in Form 10-K |
|---|---|
| 1. Portions of the Company's Annual Report to Shareholders for the year ended December 31, 2024 ("2024 Annual Report to Shareholders") | Part I – Items 1, 1A, 1C and 3; Part II – Items 5, 7, 7A, 8 and 9A; and Part IV– Item 15 |
| 2. Portions of the Company's Proxy Statement for the 2025 Annual Meeting of Shareholders ("2025 Proxy Statement") | Part III – Items 10, 11, 12, 13 and 14 |

# PART I.

## ITEM 1.    BUSINESS

Wells Fargo & Company is a corporation organized under the laws of Delaware and a financial holding company and a bank holding company registered under the Bank Holding Company Act of 1956, as amended (BHC Act). Its principal business is to act as a holding company for its subsidiaries. References in this report to "the Parent" mean the holding company. References to "we," "our," "us" or "the Company" mean the holding company and its subsidiaries that are consolidated for financial reporting purposes.

At December 31, 2024, we had assets of approximately $1.9 trillion, loans of $912.7 billion, deposits of $1.4 trillion and stockholders' equity of $179.1 billion. Based on assets, we were the fourth largest bank holding company in the United States. At December 31, 2024, Wells Fargo Bank, N.A. was the Company's principal subsidiary with assets of $1.7 trillion, or 88% of the Company's assets.

Our annual reports on Form 10-K, quarterly reports on Form 10-Q, current reports on Form 8-K, and amendments to those reports, are available for free at www.wellsfargo.com/about/investor-relations/filings as soon as reasonably practicable after they are electronically filed with or furnished to the Securities and Exchange Commission (SEC). They are also available for free on the SEC's website at www.sec.gov[1].

## DESCRIPTION OF BUSINESS

### General

We are a leading financial services company that provides a diversified set of banking, investment and mortgage products and services, as well as consumer and commercial finance, to individuals, businesses and institutions, throughout the U.S., and in countries outside the U.S. We provide consumer financial products and services including checking and savings accounts, credit and debit cards, and auto, residential mortgage, and small business lending. In addition, we offer financial planning, private banking, investment management, and fiduciary services. We also provide financial solutions to businesses through products and services including traditional commercial loans and lines of credit, letters of credit, asset-based lending and leasing, trade financing, treasury management, and investment banking services. Our website address is www.wellsfargo.com.

As of December 31, 2024, we had four reportable operating segments for management reporting purposes: Consumer Banking and Lending; Commercial Banking; Corporate and Investment Banking; and Wealth and Investment Management. The 2024 Annual Report to Shareholders includes financial information and descriptions of these operating segments.

### Human Capital

Our people are what set Wells Fargo apart and are critical to our success. Wells Fargo continues to invest in our employees by offering market-competitive compensation, career-development opportunities, a broad array of benefits, and strong work-life programs. We want to be recognized as a great company for everyone by maintaining recruitment and career development practices that support our employees and provide an environment that welcomes people from different backgrounds and with different experiences.

At December 31, 2024, we had approximately 217,000 active employees, with approximately 77% of employees based in the United States. Our global workforce was 51% female and 49% male, and our U.S. workforce was 54% female and 46% male. Our U.S. workforce was 51% white, 48% racially/ethnically diverse, and 1% undeclared.

*Compensation and benefits.* Wells Fargo's compensation program is linked to performance management and is designed to promote prudent risk management and reinforce its culture and operating standards. The compensation principles include:

- *Pay for performance*: Compensation is linked to company, line of business, and individual performance, including meeting regulatory expectations and creating long-term value consistent with the interests of shareholders.
- *Promote effective risk management*: Compensation promotes effective risk management and discourages imprudent or excessive risk-taking.
- *Attract and retain talent*: People are one of Wells Fargo's competitive advantages; therefore, compensation helps attract, motivate, and retain people with the skills, talent, and experience to drive superior long-term company performance.

In addition, we offer eligible full- and part-time employees and their eligible dependents a comprehensive set of benefits designed to support their physical, financial, and emotional health to help them make the most of their well-being.

*Employee learning and development.* We invest in the development of our employees and managers. We believe that when our employees feel properly supported, engaged, and confident in their skills, they are more effective and can provide an even better customer experience. During 2024, we invested approximately $200 million in a variety of employee learning and development programs, including functional training, required risk and regulatory compliance, leadership and professional development, and early talent development programs. In addition, we provided tuition reimbursement for approximately 2,600 employees in 2024.

*Work-life programs.* Wells Fargo offers many benefits, programs, and work arrangements intended to provide employees with flexibility and work-life balance. For example, employees in certain non-customer-facing roles have flexibility to work up to two days a week remotely, and are expected to spend a minimum of three days a week in the office. Expectations for other roles, including customer-facing, operations, contact center, and non-U.S. based employees, vary by business need.

### Competition

The financial services industry is highly competitive. Our subsidiaries compete with financial services providers such as banks, savings and loan associations, credit unions, finance companies, mortgage banking companies, insurance companies, investment banks and mutual fund companies. They also face increased competition from nonbank institutions such as brokerage houses, private equity firms and online lending companies, as well as from financial services subsidiaries of commercial and manufacturing companies. Many of these competitors enjoy fewer regulatory constraints and some may have lower cost structures.

Securities firms and insurance companies that elect to become financial holding companies may acquire banks and other financial institutions. Combinations of this type could

---

[1] We do not control this website. Wells Fargo has provided this link for your convenience, but does not endorse and is not responsible for the content, links, privacy policy, or security policy of this website.

# EXHIBIT 9

Delaware.gov



**Department of State: Division of Corporations**

[Allowable Characters](#)

**HOME**

| Entity Details |
| --- |

<p style="text-align:center; color:red;"><strong>THIS IS NOT A STATEMENT OF GOOD STANDING</strong></p>

| | | | |
| --- | --- | --- | --- |
| File Number: | 637901 | Incorporation Date / Formation Date: | 3/2/1966 (mm/dd/yyyy) |
| Entity Name: | WELLS FARGO & COMPANY | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | | | |
| --- | --- | --- | --- |
| Name: | THE CORPORATION TRUST COMPANY | | |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19801 |
| Phone: | 302-658-7581 | | |

<p style="color:red;">Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.</p>

Would you like  ○ Status  ○ Status,Tax & History Information

[ Submit ]

[ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

# EXHIBIT 10

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 10-K

☒ Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

**For the Fiscal Year Ended December 31, 2024**

or

☐ Transition Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

Commission File Number 001-35651

# THE BANK OF NEW YORK MELLON CORPORATION

*(Exact name of registrant as specified in its charter)*

| **Delaware** | **13-2614959** |
|---|---|
| *(State or other jurisdiction of* | *(I.R.S. Employer* |
| *incorporation or organization)* | *Identification No.)* |

240 Greenwich Street
New York, New York 10286
*(Address of principal executive offices) (Zip Code)*
Registrant's telephone number, including area code – (212) 495-1784

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common Stock, $0.01 par value | BK | New York Stock Exchange |
| 6.244% Fixed-to-Floating Rate Normal Preferred Capital Securities of Mellon Capital IV (fully and unconditionally guaranteed by The Bank of New York Mellon Corporation) | BK/P | New York Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act:

None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.  Yes ☐  No ☒

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.  Yes ☐  No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.  Yes ☒  No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files).  Yes ☒  No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or an emerging growth company.  See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

| Large accelerated filer ☒ | Accelerated filer ☐ |
|---|---|
| Non-accelerated filer ☐ | Smaller reporting company ☐ |
| | Emerging growth company ☐ |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act.  ☐

Indicate by check mark whether the registrant has filed a report on and attestation to its management's assessment of the effectiveness of its internal control over financial reporting under Section 404(b) of the Sarbanes-Oxley Act (15 U.S.C. 7262(b)) by the registered public accounting firm that prepared or issued its audit report.  ☒

If securities are registered pursuant to Section 12(b) of the Act, indicate by check mark whether the financial statements of the registrant included in the filing reflect the correction of an error to previously issued financial statements.  ☐

Indicate by check mark whether any of those error corrections are restatements that required a recovery analysis of incentive-based compensation received by any of the registrant's executive officers during the relevant recovery period pursuant to §240.10D-1(b).  ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).  Yes ☐  No ☒

PAGES INTENTIONALLY OMITTED

## ITEM 1. BUSINESS

### Description of Business

The Bank of New York Mellon Corporation, a Delaware corporation (NYSE symbol: BK), is a global company headquartered in New York, New York, with $52.1 trillion in assets under custody and/or administration and $2.0 trillion in assets under management as of Dec. 31, 2024. With its subsidiaries, BNY has been in business since 1784.

We divide our businesses into three principal business segments: Securities Services, Market and Wealth Services and Investment and Wealth Management. We also have an Other segment, which includes the leasing portfolio, corporate treasury activities (including our securities portfolio), derivatives and other trading activity, corporate and bank-owned life insurance, tax credit investments and other corporate investments and certain business exits.

For a further discussion of BNY's lines of business, products and services, see the "Overview," "Summary of financial highlights," "Fee and other revenue," "Review of business segments" and "International operations" sections in the MD&A section in the Annual Report and Notes 24 and 25 of the Notes to Consolidated Financial Statements in the Annual Report, of which portions are incorporated herein by reference. See the "Available Information" section on page 1 of this Form 10-K, which is incorporated herein by reference, for a description of how to access financial and other information regarding BNY.

Our two principal U.S. banking subsidiaries engage in trust and custody activities, investment management services, banking services and various securities-related activities. Our two principal U.S. banking subsidiaries are:

- The Bank of New York Mellon, a New York state-chartered bank, which houses our Securities Services businesses, including Asset Servicing and Issuer Services and certain Market and Wealth Services businesses, including Treasury Services and Clearance and Collateral Management, as well as the bank-advised business of Investment Management; and

- BNY Mellon, National Association ("BNY Mellon, N.A."), a national bank, which houses our Wealth Management business and certain activities of our Pershing businesses.

We have four other U.S. bank and/or trust company subsidiaries concentrating on trust products and services across the United States: The Bank of New York Mellon Trust Company, National Association, BNY Mellon Trust of Delaware, BNY Mellon Investment Servicing Trust Company and BNY Mellon Trust Company of Illinois. Most of our Investment Management business and Pershing businesses are direct or indirect non-bank subsidiaries of BNY.

Each of our bank and trust company subsidiaries is subject to regulation by the applicable bank regulatory authority. The deposits of our U.S. banking subsidiaries are insured by the Federal Deposit Insurance Corporation to the extent provided by law.

BNY's banking subsidiaries outside the United States are subject to regulation by non-U.S. regulatory authorities in addition to the Board of Governors of the Federal Reserve System (the "Federal Reserve"). The Bank of New York Mellon SA/NV ("BNY SA/NV") is the main banking subsidiary of The Bank of New York Mellon in continental Europe. It is authorized and regulated as a credit institution by the European Central Bank and the National Bank of Belgium under the Single Supervisory Mechanism and is also supervised by the Belgian Financial Services and Markets Authority for conduct of business rules. BNY SA/NV has its principal office in Brussels and branches in Amsterdam, the Netherlands; Copenhagen, Denmark; Dublin, Ireland; Frankfurt, Germany; the City of Luxembourg, Luxembourg; Madrid, Spain; Milan, Italy; Paris, France; and Wroclaw, Poland. BNY SA/NV's activities are in the Securities Services and Market and Wealth Services segments of BNY with a focus on global custody, asset servicing and collateral management. For additional discussion, see the "MD&A – Supervision and Regulation" section in the Annual Report.

*Primary Subsidiaries*

Exhibit 21.1 to this Form 10-K presents a list of BNY's primary subsidiaries as of Dec. 31, 2024.

# EXHIBIT 11



Delaware.gov                                                                    Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

[Allowable Characters](#)

HOME

| Entity Details |
| --- |

<p style="text-align:center;color:red;">**THIS IS NOT A STATEMENT OF GOOD STANDING**</p>

| File Number: | 4299124 | Incorporation Date / Formation Date: | 2/9/2007 (mm/dd/yyyy) |
| --- | --- | --- | --- |
| Entity Name: | THE BANK OF NEW YORK MELLON CORPORATION | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| Name: | THE CORPORATION TRUST COMPANY | | |
| --- | --- | --- | --- |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19801 |
| Phone: | 302-658-7581 | | |

<p style="color:red;">Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.</p>

Would you like ○ Status  ○ Status,Tax & History Information

[Submit]

[New Entity Search]

For help on a particular field click on the Field Tag to take you to the help area.

# EXHIBIT 12



# Client Focused, Future Ready

Royal Bank of Canada
Annual Report 2025

# Who we are

Royal Bank of Canada is a global financial institution with a purpose-driven, principles-led approach to delivering leading performance. Our success comes from the 100,000+ employees who leverage their imaginations and insights to bring our vision, values and strategy to life so we can help our clients thrive and communities prosper. As Canada's biggest bank and one of the largest in the world, based on market capitalization, we have a diversified business model with a focus on innovation and providing exceptional experiences to our more than 19 million clients in Canada, the U.S. and 27 other countries.



**19+ million clients**



**100,000+ employees**



**29 countries**

When we say 'we', 'us', 'our' or 'the bank' we mean Royal Bank of Canada or its subsidiaries as applicable.

## Table of contents

| | |
|---|---|
| Why Invest | 2 |
| CEO Letter | 4 |
| Chair Letter | 9 |
| 2025 Highlights | 10 |
| Management's Discussion and Analysis | 22 |
| Enhanced Disclosure Task Force Recommendations Index | 136 |
| Reports and Consolidated Financial Statements | 137 |
| Ten-Year Statistical Review | 242 |
| Shareholder Information | 243 |

*"Beyond our home market, we're increasingly competing as a top global bank with strong client franchises at scale."*

In addition, we announced a multi-year partnership with Live Nation Canada for the redevelopment of RBC Amphitheatre™ into a year-round venue as well as the opportunity for Avion Rewards® members to use their Avion® points to pay for tickets to any Live Nation Canada show[4] starting in 2026.

Reciprocity remains a core part of the value proposition we bring to clients, and Avion Rewards — Canada's largest bank-owned loyalty program — remains a significant point of pride. With a market-leading travel value proposition and an extensive roster of retail partners, Avion Rewards was named International Loyalty Program of the Year (Americas)[5] for the 3rd consecutive year.

**RBC Insurance®**, which serves close to 4.9 million clients, was also recognized for the best digital insurance initiative, best digital transformation program, and outstanding customer relations and brand engagement initiative.[6]

In **Commercial Banking**, we are number one in market share for commercial loans and deposits[7] in Canada. With our scale and expertise, RBC supports businesses across a range of industries within the Canadian business landscape. With the integration of HSBC Bank Canada, we're well-positioned as the bank of choice for commercial clients with international needs and retail clients who need global capabilities.

Going forward, we're focused on further investing in digital and AI, targeting priority segments and sectors to drive premium growth, and differentiating through trade finance and payments capabilities with international connectivity.

In **Wealth Management**, we have a leading holistic Canadian wealth and asset management offering, with a comprehensive suite of products and services across the franchise. As the number one full-service wealth advisory firm[8] and retail mutual fund company in Canada,[9] we're looking to replicate the strong success we've seen in our Canadian business across our global wealth franchises, including in the U.K., where we're the 5th largest wealth manager[10] as measured by assets under administration.

We are the number one Canadian bank-owned **Capital Markets** firm[11] and the number one investment bank in Canada,[12] with a leading market position in Canada across products and services. In 2025, we successfully scaled RBC Clear™ — our U.S. Transaction Banking platform — onboarding new clients, growing deposits and earning recognition as the Best Digital Banking Initiative at the 2025 Banking Tech Awards USA, as well as the 2025 Model Celent Award for Reinventing Cash Management.

## Expanding in key global markets and segments

Beyond our home market, we're increasingly competing as a top global bank with strong client franchises at scale.

In the U.S., we are growing from a position of strength. RBC Capital Markets® is the largest Canadian investment bank in the U.S.,[12] while RBC runs the 6th largest full-service wealth management advisory firm by assets under administration[13] and manages a leading financial services provider to the entertainment industry in City National Bank – which remains a critical part of our U.S. ambitions and growth story going forward.

Looking ahead, we're focused on maximizing the value we're bringing to clients, and better integrating our businesses across the U.S. to deliver a seamless client experience based on the full strength of RBC. We'll do this through an increasingly integrated technology platform, by driving efficiencies across our businesses and by continuing to strengthen our infrastructure and our governance model.

In the U.K. and Europe, there remains significant market opportunity that we're ready to tap into.

4   On Ticketmaster.ca or the Ticketmaster Canada App.

5   2025 International Loyalty Awards.

6   The Digital Banker Global Insurance Innovation Awards 2025.

7   Market share is calculated based on deposit balances excluding term deposits from the Office of the Superintendent of Financial Institutions (OSFI) (M4) and lending balances from the Canadian Bankers Association (CBA), and is as at August 2025 and March 2025, respectively.

8   As measured by assets under administration based on industry information sourced from Investor Economics, as of June 2025.

9   Industry information sourced from the Securities and Investment Management Association (SIMA), as of September 2025.

10   Based on publicly available information for wealth management firms (excluding platform businesses) in the U.K., as of June 2025.

11   Based on externally disclosed capital markets revenue for Canadian peers (Bank of Montreal, The Bank of Nova Scotia, Canadian Imperial Bank of Commerce, The Toronto-Dominion Bank and National Bank of Canada) for the last 12 months as of July 31, 2025.

12   Based on market share (fiscal 2025), Dealogic.

13   Based on publicly available information for full-service wealth advisory firms (excluding independent broker dealers) in the U.S. as of September 2025.

PAGES INTENTIONALLY OMITTED

Case 1:25-cv-01217-RGA    Document 11-1    Filed 01/30/26    Page 77 of 101 PageID #: 381

**Note 32    Principal subsidiaries**

| (Millions of Canadian dollars) | | As at October 31, 2025 |
|---|---|---|
| **Principal subsidiaries** (1) | **Principal office address** (2) | **Carrying value of voting shares owned by the Bank** (3) |
| **Royal Bank Holding Inc.** | Toronto, Ontario, Canada | $          103,027 |
| RBC Direct Investing Inc. | Toronto, Ontario, Canada | |
| RBC Insurance Holdings Inc. | Mississauga, Ontario, Canada | |
| RBC Life Insurance Company | Mississauga, Ontario, Canada | |
| Investment Holdings (Cayman) Limited | George Town, Grand Cayman, Cayman Islands | |
| RBC (Cayman) Funding Ltd. | George Town, Grand Cayman, Cayman Islands | |
| Capital Funding Alberta Limited | Calgary, Alberta, Canada | |
| RBC Global Asset Management Inc. | Toronto, Ontario, Canada | |
| RBC Investor Services Trust | Toronto, Ontario, Canada | |
| RBC (Barbados) Trading Bank Corporation | St. James, Barbados | |
| **RBC US Group Holdings LLC** (2) | Toronto, Ontario, Canada | 38,425 |
| RBC USA Holdco Corporation | New York, New York, U.S. | |
| RBC Capital Markets, LLC | New York, New York, U.S. | |
| City National Bank | Los Angeles, California, U.S. | |
| **RBC Dominion Securities Limited** | Toronto, Ontario, Canada | 19,306 |
| RBC Dominion Securities Inc. | Toronto, Ontario, Canada | |
| **Royal Bank Mortgage Corporation** | Toronto, Ontario, Canada | 7,420 |
| **RBC Europe Limited** | London, England | 5,822 |
| **The Royal Trust Company** | Montreal, Quebec, Canada | 1,782 |
| **Royal Trust Corporation of Canada** | Toronto, Ontario, Canada | 785 |

(1)    The Bank directly or indirectly controls each subsidiary.

(2)    Each subsidiary is incorporated or organized under the laws of the state, province or country in which the principal office is situated, except for RBC US Group Holdings LLC and RBC USA Holdco Corporation, which are incorporated under the laws of the State of Delaware, U.S.; RBC Capital Markets, LLC, which is organized under the laws of the State of Minnesota, U.S.; and City National Bank, which is a national bank, chartered under the laws of the United States of America.

(3)    The carrying value of voting shares is stated as the Bank's equity in such investments.

Certain of our subsidiaries, joint ventures and associates are subject to regulatory requirements of the jurisdictions in which they operate. When these subsidiaries, joint ventures and associates are subject to such requirements, they may be restricted from transferring to us our share of their assets in the form of cash dividends, loans or advances. As at October 31, 2025, restricted net assets of these subsidiaries, joint ventures and associates were $61 billion (October 31, 2024 – $56 billion).

# EXHIBIT 13

Delaware.gov



**Department of State: Division of Corporations**

[Allowable Characters](#)

**HOME**

| Entity Details |
| --- |

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| [File Number:](#) | **6843231** | [Incorporation Date / Formation Date:](#) | **6/29/2018** (mm/dd/yyyy) |
| --- | --- | --- | --- |
| [Entity Name:](#) | **RBC US GROUP HOLDINGS LLC** | | |
| [Entity Kind:](#) | **Limited Liability Company** | [Entity Type:](#) | **General** |
| [Residency:](#) | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| Name: | **CORPORATION SERVICE COMPANY** | | |
| --- | --- | --- | --- |
| Address: | **251 LITTLE FALLS DRIVE** | | |
| City: | **WILMINGTON** | County: | **New Castle** |
| State: | **DE** | Postal Code: | **19808** |
| Phone: | **302-636-5401** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like  ○ Status  ○ Status,Tax & History Information

Submit

New Entity Search

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

# EXHIBIT 14

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware ▼

| | |
|---|---|
| In re Petition of Guillermo Luis Tofoni _____ *Plaintiff* v. _____ *Defendant* | ) ) ) ) ) ) Civil Action No.   1:25-cv-01217-RGA |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           The Bank of New York Mellon Corporation
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Annex A hereto

| Place: Stevens & Lee, P.C. 919 N. Market St., #1300 Wilmington, DE 19801 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ *Signature of Clerk or Deputy Clerk* | | /s/ Melissa N. Donimirski, Esq. (#4701) _____ *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Electric Solidus, Inc.
_____ , who issues or requests this subpoena, are:

Melissa N. Donimirski, Esq., Stevens & Lee, P.C., 919 N. Market St., #1300, Wilmington, DE 19801
302-425-2608  mnd@stevenslee.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-01217-RGA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware ▼

| | | |
|---|---|---|
| In re Petition of Guillermo Luis Tofoni | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-01217-RGA |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: First Citizens Bancshares, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Annex A hereto

| | |
|---|---|
| Place: Stevens & Lee, P.C.<br>919 N. Market St., #1300<br>Wilmington, DE 19801 | Date and Time: |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Melissa N. Donimirski, Esq. (#4701) |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Electric Solidus, Inc.
_____ , who issues or requests this subpoena, are:

Melissa N. Donimirski, Esq., Stevens & Lee, P.C., 919 N. Market St., #1300, Wilmington, DE 19801
302-425-2608  mnd@stevenslee.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-01217-RGA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware  ▼

| | |
|---|---|
| In re Petition of Guillermo Luis Tofoni | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:25-cv-01217-RGA |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

PNC Bank, N.A.

To:

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Annex A hereto

| Place: Stevens & Lee, P.C. | Date and Time: |
|---|---|
| 919 N. Market St., #1300 Wilmington, DE 19801 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Melissa N. Donimirski, Esq. (#4701) |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Electric Solidus, Inc. , who issues or requests this subpoena, are:

Melissa N. Donimirski, Esq., Stevens & Lee, P.C., 919 N. Market St., #1300, Wilmington, DE 19801
302-425-2608  mnd@stevenslee.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-01217-RGA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

    I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware ⊡

| | |
|---|---|
| In re Petition of Guillermo Luis Tofoni | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  1:25-cv-01217-RGA |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  RBC US Group Holdings LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Annex A hereto

| | |
|---|---|
| Place: Stevens & Lee, P.C.<br>919 N. Market St., #1300<br>Wilmington, DE 19801 | Date and Time: |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

| | |
|---|---|
| *CLERK OF COURT* | OR |
| | /s/ Melissa N. Donimirski, Esq. (#4701) |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Electric Solidus, Inc. , who issues or requests this subpoena, are:

Melissa N. Donimirski, Esq., Stevens & Lee, P.C., 919 N. Market St., #1300, Wilmington, DE 19801
302-425-2608  mnd@stevenslee.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-01217-RGA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                           .

❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                           ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                           .

My fees are $                           for travel and $                           for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware ▾

| | | |
|---|---|---|
| In re Petition of Guillermo Luis Tofoni | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-01217-RGA |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Wells Fargo & Company

To:

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Annex A hereto

| Place: Stevens & Lee, P.C. 919 N. Market St., #1300 Wilmington, DE 19801 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Melissa N. Donimirski, Esq. (#4701) |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Electric Solidus, Inc. , who issues or requests this subpoena, are:

Melissa N. Donimirski, Esq., Stevens & Lee, P.C., 919 N. Market St., #1300, Wilmington, DE 19801
302-425-2608  mnd@stevenslee.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-01217-RGA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ANNEX A

## DEFINITIONS

1.      The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence and should be construed in the broadest sense permissible.  Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made.  Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.  In addition, the word "document(s)" encompasses electronically stored information ("ESI") including but not limited to "email," "voice mail," "text messages," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2.      The word "Person(s)" includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments

or government agencies, offices, bureaus, departments, or entities; other legal, business or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

3.      As used herein, any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

4.      The term "Affiliated Person" includes all affiliated entities, subsidiaries, or parent entities.

5.      The term "you" and "your" refers to [Respondent] and its Affiliated Persons, including but not limited to any predecessor or successor thereof.

## **INSTRUCTIONS**

1.      The following instructions (as well as the requirements of Rule 34 of the Federal Rules of Civil Procedure and the applicable Local Rules) apply to these Document Requests:

2.      Each request for a document contemplates production of the document in its entirety, without abbreviation or redaction.

3.      Each request for documents seeks production of all documents described herein, and any attachments thereto, in Your possession. custody, or control or in the possession, custody or control of any of Your attorneys, employees, agents, or representatives, and all documents and any attachments which You or any of Your attorneys, employees, agents, or representatives have the legal right to obtain or have the ability to obtain from sources under Your or their control.

4.      These requests are continuing in nature.  Any additional documents coming into

Your possession that are responsive to the foregoing requests shall be furnished promptly. Additionally, if You become aware that a response is inaccurate, incomplete, or misleading, You are required to supplement or amend Your response.

5.     You should produce documents or communications not directly responsive to a request if such documents or communications refer to, relate to, reflect, concern, or explain the documents or communications called for by the document request, or if such documents or communications are attached to documents or communications called for by the request.

6.     If any of the following requests for production of documents cannot be complied with in full, You must comply with each to the extent possible and provide an explanation as to why full compliance is not possible.

7.     If there are no documents or communications responsive to a particular request, You must so state in writing.

8.     If a Request is objected to, please state as clearly as possible whether documents are being produced in response to the Request, or whether documents facially responsive to the Request are being withheld or not being searched for. If documents facially responsive to the Request are being withheld or not being searched for, please indicate clearly and specifically the nature of those documents.

9.     If You object to any particular portion of any request herein, You are nevertheless required to produce documents in response to all other portions of such request as to which there is no objection.  You must also provide a particularized objection to those requests or portions of requests to which You object.

10.     If You claim that any privilege is applicable to any document sought by this request, You must identify the document, its author, its type, its general subject matter, its date,

3

its recipients (if any), the relationship between the author and recipients (if any), and the privilege asserted.

11.     If a document responsive to the requests has been altered or destroyed or otherwise disposed of, You must identify that document as completely as possible, including its type; general subject matter, date, author, its recipients (if any); the relationship between the author and recipients (if any); the reason for its alteration, destruction, or disposal; and each and every person who authorized that alteration, destruction, or disposal.

12.     In producing documents, all documents that are physically attached to each other shall be produced in that form.  If a document responsive to any request cannot be produced in full, You must produce it to the extent possible and provide an explanation stating why production of the remainder is not possible.

13.     We reserve all rights to expand or supplement all requests for information and the documents and communications set forth herein.

14.     In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses as you receive or identify additional information or documents between the time of your response and the time of trial in this case.  If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

15.     Unless otherwise specified, the relevant time period for the following Requests is from November 1, 2022 to the present.

SL1 3975922v1 122623.00001

## DOCUMENT REQUESTS

You are hereby requested to produce the following:

1.      Documents sufficient to identify any and all accounts of any type, including but not limited to savings, checking, or investment accounts, held by or in the name of Asociación del Fútbol Argentino, Tourprodenter LLC, Global FC LLC, Prosport Live LLC, or Wintec Enterprise LLC, and their respective Affiliated Persons.

2.      All documents concerning the Persons authorized to operate the accounts identified in response to Request No. 1.

3.      All documents concerning the opening of any and all accounts held by or in the name of Asociación del Fútbol Argentino, Tourprodenter LLC, Global FC LLC, Prosport Live LLC, or Wintec Enterprise LLC, including, but not limited to, account-opening forms, correspondence, "know your customer" forms, due diligence materials, e-mails, and notes and summaries of conversations.

4.      All documents relating to any transactions in the accounts of Asociación del Fútbol Argentino, Tourprodenter LLC, Global FC LLC, Prosport Live LLC, or Wintec Enterprise LLC, including but not limited to any transactions that reference China Rainbow International Investment Co., Shaanxi Provincial Sports Industry Group Co., Ltd., 4E International Ltd., Hong Kong Xunni Trading Co., Limited, Cardenas Marketing Network, Inc, or Grupo Cardenas, Inc., and including but not limited to any wire transactions where these Persons, or anyone purporting to represent its interests, is listed as the sender, originator, beneficiary or ultimate beneficiary. Please provide sufficient documentation to indicate the amounts, origin, and destination accounts for these transactions.

SL1 3975922v1 122623.00001