**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE PETITION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:25-cv-01217-RGA |

**TOURPRODENTER LLC'S EXPEDITED MOTION TO INTERVENE**
**AND INCORPORATED MEMORANDUM OF LAW**

Tourprodenter, LLC ("Tourprodenter"), by and through undersigned counsel, respectfully moves to intervene in this action to file its forthcoming Motion to Quash Subpoenas and for Protective Order attached as **Exhibit "1"** (the "Motion to Quash and for Protective Order"), and requests an expedited briefing schedule. In support, Tourprodenter states as follows:

**INTRODUCTION**

Tourprodenter, which recently learned of this action through public sources, should be permitted to intervene as an interested party to protect the confidentiality of its business and financial information obtained and/or sought by Applicant Guillermo Tofoni ("Tofoni") from banks based in the District of Delaware that hold Tourprodenter's bank records. Although Tofoni represented in his filings under penalty of perjury that he sought this Court's assistance to obtain discovery—including Tourprodenter's bank records—purportedly for use in civil litigation against the Argentine Football Association ("AFA") in Argentina (the "AFA Case," or the "AFA proceeding"), his conduct has belied those representations. Rather than using Tourprodenter's confidential information obtained through his subpoenas in the AFA proceeding, Tofoni has used that information to advance a defamatory media campaign and a criminal action filed in Argentina. Accordingly, and given the confidential nature of Tourprodenter's financial information, the imposition of reasonable limits and safeguards through a protective order is necessary.

Against this backdrop, Tourprodenter satisfies the requirements for intervention under Federal Rule of Civil Procedure 24.

## **BACKGROUND**

1.      Tofoni alleges that he signed a contract with AFA that gave him the exclusive rights to organize friendly soccer matches for the Argentine men's national team from November 1, 2022 to December 31, 2030, along with 30% of each match's profits. *See* D.I. 3 at 1-2. Tofoni further claims that AFA breached this contract by organizing friendly soccer matches "through other agents or otherwise without his involvement." *Id.* at 2-3.

2.      In connection with this alleged breach of contract, in November 2023, Tofoni filed a lawsuit against AFA—the AFA Case—in a civil Argentinian court.[1]  *Id.* at 2. In this proceeding, Tofoni alleges that Tourprodenter acted as AFA's collection agent for AFA's organization of a friendly soccer match in Beijing, China, in which AFA allegedly contracted with two Chinese companies, purportedly in breach of Tofoni's contract with AFA. *Id.* at 3.

3.      On October 6, 2025, Tofoni filed his *Ex Parte* Petition for Judicial Assistance in Obtaining Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782. *See* D.I. 1 (the "Petition"). Tofoni represented to this Court that he needed to subpoena several U.S. financial institutions to obtain evidence for use in the AFA Case, including Tourprodenter's financial information. *Id.* at 3-4, 6-7.

4.      In particular, Tofoni's contemplated subpoena contained four sweeping document requests directed at obtaining Tourprodenter's financial information. First, he demanded documents sufficient to identify every account of any type held by Tourprodenter and its "affiliated persons," effectively seeking a comprehensive map of Tourprodenter's banking relationships. *See*

---

[1] The AFA Case is registered in the Argentinian Civil Court under number CIV 084904/2023.

D.I. 5-7 at 5, ¶ 1. Second, he sought "all documents," without limitation, concerning any individuals authorized to operate any such accounts. *Id.* at 5, ¶ 2. Third, he demanded "all documents" relating to the opening of every account, including account-opening forms, correspondence, KYC and due diligence files, emails, and internal notes—requests that would have required the production of entire onboarding and compliance files across multiple accounts. *Id.* at 5, ¶ 3. Fourth, he sought all documents relating to any transactions in any such accounts, including every wire or transaction referencing a list of third parties, and required production sufficient to identify transaction amounts and origin and destination accounts—an open-ended request that would have swept in complete transaction histories and supporting documentation across multiple entities and time periods. *Id.* at 5, ¶ 4.

5.    Tofoni supported his Petition with the sworn declarations of Argentine attorney Francisco Castex, of the law firm Castex Pauls Abogados, *see* D.I. 4 (the "Castex Decl."), and Delaware attorney Melissa N. Donimirski, *see* D.I. 5 (the "Donimirski Decl."). The Castex Declaration also states that the information to be obtained from the banks is for use in the AFA Case. *See* Castex Decl., ¶¶ 5, 18-26.

6.    On October 10, 2025, the Court granted Tofoni's Petition, authorizing Tofoni's counsel to subpoena Citigroup, Inc., Bank of America Corp., and JPMorgan Chase & Co. *See* D.I. 6. In granting the Petition, the Court considered that the information was for use in the AFA Case based on the declarations of Tofoni's counsel, and left the door open for challenges to the underlying Petition. *See id.*

7.    After obtaining records from Tourprodenter's banks, on January 20, 2026, Tofoni moved *ex parte* to reopen the case and for authorization to issue additional subpoenas to different banks, including PNC Bank, N.A., First Citizens Bank & Trust Co., Wells Fargo Bank, N.A., The

Bank of New York Mellon, and City National Bank. *See* D.I. 11 at 2, ¶ 4; *see also* D.I. 7. This request was supported by another sworn declaration of Delaware attorney Melissa N. Donimirski. *See* D.I. 8.

8.    Tofoni's follow-up subpoenas seek financial information from Tourprodenter similar to what had initially been sought, but from different financial institutions. *Compare* D.I. 14-1 at 101, *with* D.I. 5-7 at 5.

9.    On January 21, 2026, the Court granted Tofoni's request to issue additional subpoenas in this matter. *See* D.I. 9.

10.    To date, Tofoni has not used a single document obtained through this proceeding in the AFA Case. *See* Declaration of Maximiliano Rusconi ¶ 9, attached as **Exhibit "2"** (the "Rusconi Decl."). Rather, he has used the information to smear Tourprodenter and its principals by disseminating confidential information to certain Argentine media.

11.    For instance, on February 22, 2026, the Argentine media outlet La Nación published an article accusing Tourprodenter of engaging in suspicious transactions on behalf of AFA.[2] The article reported that "Justice in the United States" had ordered Tourprodenter's banks to disclose its financial information—suggesting the existence of a criminal investigation in the United States involving Tourprodenter—and stated that the information had been obtained from materials produced in this § 1782 proceeding.

12.    Similarly, on February 27, 2026, the Argentine media outlet "Infobae.com" published an article publicly disseminating Tourprodenter's bank information and noting that the

---

[2] *See* La Nación, Aparecen Transferencias a Otras Dos Empresas Fantasma y Los Desvíos ya Superan los US$50 Millones, https://www.lanacion.com.ar/politica/aparecen-transferencias-a-otras-dos-empresas-fantasma-y-los-desvios-ya-superan-los-us50-millones-nid21022026/  (Last visited March 16, 2026).

information had been obtained from Tofoni.[3] On the same day, La Nación published a similar article, noting that Tourprodenter's banking information had been obtained from Tofoni's § 1782 proceedings in the United States.[4]

13.    Tofoni has also used information obtained through this proceeding in a separate legal action unrelated to the AFA Case. As explained in the declaration of Argentine attorney Maximiliano Rusconi, who represents Tourprodenter's principals in that matter, on December 30, 2025, Tofoni filed a criminal complaint in Argentina against Tourprodenter's principals and others. In that criminal proceeding, Tofoni included banking information attributed to Tourprodenter and referenced accounts and transactions at multiple U.S. financial institutions. Rusconi further confirms that, in subsequent filings in that criminal case, Tofoni represented to the Argentine court that the financial information supporting his allegations had been obtained through a discovery proceeding initiated by him before federal courts in the United States. *See* Rusconi Decl. ¶¶ 5–7.

14.    On March 11, 2026, undersigned counsel emailed counsel for Tofoni, stating that Tourprodenter intends to intervene in this matter because Tofoni has been misusing the information obtained in these proceedings, and requesting a conferral regarding Tourprodenter's contemplated motions to intervene and for a protective order. The parties scheduled a Zoom conferral for March 16, at 2:00 p.m. During that conferral, Tofoni's counsel indicated that Tofoni would likely not

---

[3] Infobae.com, Exclusivo: Hallaron Otro Banco en EEUU Que Manejó Fondos de La AFA y Giró USD 3 Millones a Empresas Fantasma, https://www.infobae.com/politica/2026/02/27/ exclusivo-hallaron-otro-banco-en-eeuu-que-manejo-fondos-de-la-afa-y-giro-usd-3-millones-a-empresas-fantasma/ (last visited, March. 16, 2026).

[4] La Nación, Está Registrada en El PNC Bank y Pertenece a La Empresa Tourprodenter; Los Desvíos a Sociedades En Miami Sin Actividad Rozan Los US$55 Millones, https://www.lanacion.com.ar/politica/afagate-aparecio-otra-cuenta-de-javier-faroni-en-eeuu-que-desvio-mas-de-us3-millones-a-cinco-nid27022026/ (last visited, March 16, 2026).

oppose Tourprodenter's intervention and that the parties would further confer on the entry of an appropriate confidentiality or protective order.

15.    On March 17, 2026, counsel for Tourprodenter forwarded copies of its proposed motion to intervene and stipulated protective order.

16.    On March 19, 2026, counsel for Tofoni advised counsel for Tourprodenter that she opposed Tourprodenter's contemplated motions as drafted. Thereafter, counsel for both parties could not come to an agreement, requiring Tourprodenter to proceed with this filing.

## **ARGUMENT**

### I.    FEDERAL RULE OF CIVIL PROCEDURE 24 PERMITS TOURPRODENTER TO INTERVENE IN THIS CASE

Courts have recognized that "[w]ithout the right to intervene in discovery proceedings, a third party with a claim of privilege in otherwise discoverable materials could suffer 'the obvious injustice of having his claim erased or impaired by the court's adjudication without ever being heard.'" *Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, 2015 WL 5163035, at *2 (D. Del. Sep. 3, 2015) (quoting *United States v. AT&T*, 642 F.2d 1285, 1292 (D.C. Cir. 1980)). Accordingly, a confidentiality and/or privacy interest in financial records warrants an opportunity to intervene to protect that interest, at least permissively. *In re Exch. Union Co.*, 2025 WL 894652, at *3 (D. Mass. Mar. 24, 2025); *In re Hornbeam Corp.*, 2015 WL 13647606, at *3 (S.D.N.Y. Sept. 17, 2015) (permitting third party to intervene to quash subpoena issued pursuant to § 1782 that would implicate his "personal financial information"); *see also Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218 (11th Cir. 2019) (allowing intervention in matters under 28 U.S.C. § 1782); *In re Iraq Telecom Ltd.*, 2023 WL 2402873, at *2 (E.D. Pa. Mar. 8, 2023) (same).

Federal Rule of Civil Procedure 24 provides two avenues for intervention in federal litigation: intervention as of right under Rule 24(a), and permissive intervention under Rule 24(b);

6

Fed. R. Civ. P. 24; *United States v. Terr. of the V.I.*, 748 F.3d 514, 519-25 (3d Cir. 2014). Courts construe Rule 24 liberally in favor of intervention. *Merck Sharp*, 2015 WL 5163035, at *2 (citing *N.L.R.B. v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992)). "The Third Circuit's approach favors pragmatism and elasticity over rigid rules or narrow approaches; it further favors intervention over subsequent collateral attacks." *Bintz v. United States Dep't of the Interior*, 2025 WL 2097314, at *2 (D. Del. July 25, 2025) (quoting *Luster v. Puracap Lab'ys, LLC*, 2021 WL 9598625, at *1 (D. Del. Feb. 17, 2021)); *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 970-71 (3d Cir. 1998).

Tourprodenter seeks intervention as of right under Rule 24(a)(2) because Tofoni's Petition and subpoenas targeted Tourprodenter's confidential financial and business information, and Tofoni's unfettered access to that information without giving Tourprodenter an opportunity to be heard would impair its ability to protect those interests. *See* Fed. R. Civ. P. 24(a)(2); *Merck Sharp*, 2015 WL 5163035, at *2. Alternatively, Tourprodenter should be granted permissive intervention because it intends to challenge the scope of Tofoni's discovery, and request reasonable limits and safeguards to the use of the information pertaining to Tourprodenter that Tofoni already obtained or will obtain, none of which will cause any delay or prejudice. *See* Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

### A.  Tourprodenter Should be Authorized to Intervene as of Right.

"In the Third Circuit, intervention by right requires the following four elements: '(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.'" *Bintz*, 2025 WL 2097314, at *2 (quoting *United States v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014)); Fed. R. Civ. P. 24(a)(2).

As to the first factor, Tourprodenter's motion is timely. "The timeliness of a motion to intervene is determined from all the circumstances and, in the first instance, by the trial court in the exercise of its sound discretion." *Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995) (cleaned up) (quoting *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982)). "[T]he length of time an applicant waits before applying for intervention . . . should be measured from the point at which the applicant knew, or should have known, of the risk to its rights." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1183 (3d Cir. 1994). Tourprodenter timely moved to intervene after recently learning of Argentine media articles and developments in the Criminal Case indicating that Tofoni was misusing information obtained through this proceeding. The media articles were published on February 22 and 27, 2026, respectively. Tofoni filed a criminal complaint in Argentina on December 30, 2025 relying on Tourprodenter's banking information, and later represented in filings dated February 19 and March 3, 2026 that the information had been obtained through discovery proceedings in the United States. *See* Rusconi Decl., ¶¶ 5-7. Tourprodenter retained undersigned counsel shortly thereafter and has moved to intervene less than a month after learning of Tofoni's actions.

As to the second and third factors, Tourprodenter has a sufficient interest in this case, and its interest may be affected as a practical matter by the disposition of this case. Courts have held that "a movant's interest in safeguarding the confidentiality of particular information constitutes a cognizable Rule 24(a) interest." *Constand v. Castor*, 2016 WL 5681454, at *3 (E.D. Pa. Oct. 3, 2016) (collecting cases). The Third Circuit has also held that there is a privacy interest in certain financial information because "public disclosure of financial information may be personally embarrassing and highly intrusive." *See Fraternal Order of Police, Lodge No. 5 v. City of Phila.*, 812 F.2d 105, 115 (3d Cir. 1987) (quoting *Barry v. City of New York*, 712 F.2d 1554, 1561 (2d Cir.

1983)); *see also Cent. States Publ'g, Inc. v. FBI*, No. 83-2694, 1985 U.S. Dist. LEXIS 13556, at *6 (E.D. Pa. Nov. 25, 1985) (noting that the proposition that a privacy interest is legally protected cannot be seriously contested).[5] It follows then that "[p]ersonal rights claimed with respect to bank account records give a party sufficient standing to challenge third-party subpoenas served upon financial institutions holding such information." *Ace Hardware Corp. v. Celebration Ace Hardware, LLC,* 2009 WL 3242561, at *2 (D. Del. Oct. 8, 2009); *In re Wilmington Tr. Sec. Litig.*, 2017 U.S. Dist. LEXIS 87043, at *8 (D. Del. June 6, 2017) ("Bank records are generally confidential, and confer standing on the party whose records are sought pursuant to the subpoena.").[6]

Here, Tofoni sought confidential information belonging to Tourprodenter and its principals from third parties, such as bank account information, and all transactions related to those accounts, regardless of whether they are related to AFA. *See* D.I. 5-7 at 5, ¶¶ 1-4. Tourprodenter has a cognizable Rule 24(a) privacy interest in that information. *Constand*, 2016 WL 5681454, at *3; *Fraternal Order*, 812 F.2d at 115; *Ace Hardware*, 2009 WL 3242561, at *2. Without intervention, Tofoni will be able to place Tourprodenter's confidential banking records in the public eye and use them in proceedings unrelated to the AFA Case, without the Court first assessing whether such use is proper. Moreover, Tofoni—who is otherwise not entitled to obtain information from Tourprodenter or its principals that does not pertain to his dispute with AFA—will have unfettered access to, and use of, the entire banking record of Tourprodenter and its principals if Tourprodenter is not permitted to intervene and seek appropriate limits on Tofoni's use of that information. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12-13 (1992) (recognizing that

---

[5] Attached hereto as Exhibit 3.
[6] Attached hereto as Exhibit 4.

compelled disclosure of records is a concrete injury and that post-disclosure relief is imperfect because the harm occurs upon production).

As to the fourth factor, Tourprodenter's interests are not adequately represented by any party in this case. Tourprodenter need only show "that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Luster*, 2021 WL 9598625, at *2 (quoting *Mt. Top*, 72 F.3d at 368); *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). "The most important factor in determining adequacy of representation is how the interest of the absentee compares with the interest of the present parties. If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented." *Mt. Top.*, 72 F.3d at 368 (quoting 7C Wright, Miller & Kane, Federal Practice & Procedure § 1909, at 318-19 (1986)).

Here, Tofoni filed this action *ex parte*, leaving the banks targeted by Tofoni's subpoenas as the only parties who could raise objections. *See generally* D.I. 3. However, the banks have no reason to oppose an otherwise lawfully issued subpoena from this Court on Tourprodenter's behalf. Thus, Tourprodenter must intervene to raise objections and safeguard the confidential information contained in those records. *See Ace Hardware*, 2009 WL 3242561, at *2. Notably, Tofoni has already improperly disseminated this information to certain Argentine media outlets and filed it in the Criminal Case, demonstrating that the banks did not adequately protect Tourprodenter's interests.

Therefore, because Tourprodenter has a direct, legally protectable interest in the confidential information that Tofoni is seeking and/or has obtained pursuant to his Petition and subpoenas, it is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2).

10

**B.    Tourprodenter Should be Authorized to Intervene Permissively.**

Should the Court decline to grant intervention as of right, it should nevertheless grant permissive intervention. Permissive intervention is appropriate when the intervenor "has a claim or defense that shares with the main action a common question of law or fact[,] and the intervention will not "unduly delay or prejudice the adjudication of the original [party's] rights." *Terr. of the V.I.*, 748 F.3d at 524; Fed. R. Civ. P. 24(b)(1)(B).

Here, Tourprodenter's Motion to Quash and for Protective Order will raise questions of law and fact central to this proceeding, including whether the discovery Tofoni sought or obtained is being used in the AFA Case, and whether the information involves any applicable privilege or confidentiality. *See* Exhibit "1." As explained above, Tourprodenter has a cognizable privacy interest in the banking information Tofoni obtained, which warrants at least permissive intervention. *In re Exch. Union*, 2025 WL 894652, at *3. Moreover, intervention at this stage, after the Court has already granted the Petition, will not cause any delay or prejudice, as Tourprodenter's intent is to place appropriate safeguards on and/or limits to Tofoni's use of the information he has obtained or is about to obtain. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (district courts may impose conditions and protective orders on § 1782 discovery); *In re Gliner*, 133 F.4th 927, 935 n.10 (9th Cir. 2025) ("District courts generally have the discretion to tailor the scope of discovery to account for various competing interests.").

**II.    THE COURT SHOULD ORDER AN EXPEDITED BRIEFING SCHEDULE**

Under District of Delaware Local Rule 7.1.2(b), "unless otherwise ordered," responses to a motion shall be filed within fourteen (14) days of the motion, and replies shall be filed within seven (7) days of the response. *See* D. Del. LR 7.1.2.(b). Accordingly, "the Court has discretion to expedite the briefing schedule." *In re Essar Steel Minnesota LLC.*, 2025 WL 1616709, at *2 (D. Del. June 6, 2025) (citing *United States v. Tyree Stratton*, 2010 WL 11661384, at *1 n.1 (E.D. Pa.

11

Mar. 17, 2010)); *see also Liqwd, Inc. v. L'Oréal USA, Inc.*, 2019 WL 365708, at *1 (D. Del. Jan. 30, 2019) (noting that a party requested expedited briefing and resolution prior to a deadline, and that the court granted the request).

Because Tofoni has already disseminated Tourprodenter's confidential information to members of the Argentine media—and there is every reason to believe he will continue doing so absent prompt judicial intervention—good cause exists to expedite briefing on this motion. An expedited schedule will allow the Court to address Tourprodenter's objections before additional disclosures occur and before the subpoena process is further used as a vehicle to obtain and publicize sensitive information for improper purposes.

Accordingly, Tourprodenter respectfully requests that any response to this motion be due within seven (7) days of filing, with any reply due within four (4) days thereafter.

## CONCLUSION

Based on the foregoing points and authorities, Tourprodenter respectfully requests that the Court grant this Motion to Intervene, order an expedited briefing schedule thereon, and grant any and all further relief the Court deems just and proper.

Dated:  March 23, 2026

OF COUNSEL:

Michael Diaz, Jr.
Javier Coronado Diaz
Gabor Gazso von Klingspor
John Q. Foster
**DIAZ REUS INTERNATIONAL LAW FIRM**
100 Southeast Second Street, Suite 3400
Miami, Florida 33131
(305) 375-9220

**CHIPMAN BROWN CICERO & COLE, LLP**

 /s/ Gregory E. Stuhlman
Joseph B. Cicero (#4388)
Gregory E. Stuhlman (#4765)
Samantha Callejas (#7171)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
cicero@chipmanbrown.com
stuhlman@chipmanbrown.com
callejas@chipmanbrown.com

*Attorneys for Tourprodenter, LLC*

## RULE 7.1.1 CERTIFICATION

The undersigned hereby certifies that, on March 11, 16, and 19, 2026, undersigned counsel conferred with counsel for Tofoni regarding the relief sought herein by email and Zoom videoconference. Counsel for Tofoni opposes the relief sought herein.

*/s/ Gregory E. Stuhlman*
Gregory E. Stuhlman (#4765)

4904-1837-6856