**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE PETITION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:25-cv-01217-RGA |

**TOURPRODENTER, LLC'S REPLY IN FURTHER SUPPORT OF**
**ITS MOTION FOR PROTECTIVE ORDER**

**I.     APPLICANT   DOWNPLAYS   THE   MISCONDUCT   NECESSITATING PROSPECTIVE AND REMEDIAL RELIEF**

This case is about a § 1782 applicant's ongoing effort to weaponize discovery obtained through misrepresentations about its intended use to circumvent applicable law—including to fuel an extortionate media campaign—despite knowing that this Court has not authorized such use.

Guillermo Luis Tofoni ("Tofoni") filed an *ex parte* petition seeking broad discovery from several banks. *See* D.I. 1. His application, supported by sworn declarations from Argentine and U.S. counsel, unequivocally represented that the requested discovery was sought for use in a specific Argentine civil case: *Tofoni, Guillermo Luis c/ Asociación de Futbol Argentino A.F.A. s/ Cumplimiento de Contrato* (the "AFA Case"). *See* D.I. 4, 5. The Court granted the petition in reliance on those representations. *See* D.I. 6. But instead of doing what he told the Court he would do, Tofoni began using the discovery on December 30, 2025, in a separate criminal proceeding— an effort to revive a previously dismissed criminal case in Argentina against Tourprodenter's principals and other individuals (the "Criminal Case"). D.I. 18-1 at 40-46 (the "Rusconi Decl."), ¶ 5; Second Declaration of Maximiliano Rusconi, attached as **Exhibit 1** (the "Second Rusconi Decl."), ¶ 15-19. Tofoni did not disclose his true motive to this Court, likely because Argentine law bars him from obtaining such discovery. *Id.*, ¶¶ 20-21. Tofoni also repeatedly and selectively leaked discovery materials to certain newsletters in Argentina to advance his monetary claims

against the AFA—conduct the opposition brief does not address and that continues to this day. *See* D.I. 26 at 46-153; *see also* **Exhibits 2-4** (Argentine press reports from La Nación and Clarín publishing Tourprodenter's confidential financial information obtained through U.S. discovery after the filing of the motion for protective order).

Contrary to his initial representations, Tofoni cannot presently use any of the discovery in the AFA Case, as his Argentine former counsel, Francisco Castex, now admits. D.I. 25-1, ¶ 2; Second Rusconi Decl., ¶ 8.[1] More specifically, Mr. Castex acknowledges that the § 1782 discovery was sought prematurely, as the AFA Case has not reached the stage at which it can be used—and may never do so. *Id.*

Any suggestion of good faith collapses in light of Tofoni's ongoing second round of discovery. On January 20, 2026, Tofoni returned to this Court to seek additional subpoenas based on the same misrepresentations, without advising the Court that he could not use the discovery in the AFA Case and without mentioning the Criminal Case or Tofoni's leaks of the discovery to the media. *See* D.I. 7. This is a violation of Tofoni's heightened duty of candor here. *See In re Vestolit GmbH*, 2025 WL 93280, at *2 (D. Del. Jan. 14, 2025).

Tourprodenter did not learn of Tofoni's misuse of the discovery immediately, as the opposition suggests. It was not until February 19, 2026 that Tofoni first confirmed in the Criminal Case that the financial information attached to his filings came from *ex parte* U.S. discovery. Rusconi Decl., ¶ 6. Around that same time, Argentine media began publishing Tourprodenter's confidential financial information and attributing it to U.S. discovery proceedings. *See* D.I. 26 at

---

[1] After submitting his affidavit in support of Tofoni's opposition to Tourprodenter's motion for protective order, Mr. Castex resigned as counsel for Mr. Tofoni citing "professional" reasons. Second Rusconi Decl., ¶ 8.

46-153. Tourprodenter also did not receive notice of the subpoenas from its banks. Nor, prior to that point, did the Petition—on its face—provide any indication of misuse.

Upon learning of the misuse and public dissemination of its confidential information, Tourprodenter acted promptly after retaining U.S. counsel. On March 11, 2026, it initiated conferral efforts with Tofoni's counsel, advising them of its intent to intervene and to seek a protective order. *See* March 11, 2026 email from J. Coronado to M. Donimirski, D.I. 18-1 at 156-159. Those efforts failed not for lack of cooperation, but because time was of the essence, and because Tofoni rejected any remedial measures and insisted on a vague protective order permitting use of the materials for any purpose "authorized under 28 U.S.C. § 1782," effectively expanding the scope of permissible use beyond the AFA Case—the only use this Court authorized. *See* March 23, 2026 email from G. Gazso von Klingspor to M. Donimirski, attached as **Exhibit 5.**

Additionally, despite knowing that Tourprodenter objected to uses beyond the AFA Case, Tofoni continued to disseminate portions of the discovery to the Argentine media, *see* Exhibits 2-3, and used those materials to file a new administrative petition before the Central Bank of Argentina, *see* Exhibit 4. This accelerated misuse underscores the need for relief and appears to be a misguided attempt to outpace Tourprodenter's Motion.

## II.    TOFONI'S IMPROPER REQUEST TO EXPAND HIS SECTION 1782 APPLICATION SHOULD BE DENIED

Tofoni does not oppose the entry of a protective order limiting the dissemination of Tourprodenter's information. However, he seeks to use that protective order to ratify his misuse of the § 1782 materials and grant him *carte blanche* to continue doing so in the Criminal Case and "any other proceeding permissible under § 1782." D.I. 25 at 3, 5-6. Accordingly, he objected to the language proposed by Tourprodenter limiting use of such materials to the AFA Case. *See* D.I. 25-2, ¶ 5. He further argues that he could have obtained this Court's leave to use the discovery in

the Criminal Case, and therefore Tourprodenter's proposed limitation is now unnecessary, yet fails to explain why he waited until his misuse of the materials was raised here or why the Court should credit his assertion that the materials will be used for legal proceedings in Argentina. After all, the opposition is silent as to Tofoni's misuse of the materials for his media campaign and his prior representation to the Court that they would be used in the AFA Case, even though the discovery materials have not been introduced in that case. D.I. 25-1, ¶ 2.

In any event, an opposition brief is not the proper vehicle for amending Tofoni's petition. An applicant seeking to use § 1782 materials in a different foreign proceeding should file a new application. *See In re Renewed Application Pursuant to 28 U.S.C. § 1782 for Discovery from Glasstech Inc.*, 2019 U.S. Dist. LEXIS 153506, at *5 (D. Del. Sep. 6, 2019) (requiring § 1782 discovery to be "used solely for the purpose identified in [the] Application");[2] *see also In re BAPA Holdings, Corp.*, 2025 WL 1025164, at *6 (S.D. Fla. Apr. 7, 2025) (proposals to expand the use of § 1782 materials to new proceedings "have the practical effect of a new § 1782 application," requiring independent analysis of factors).[3] Moreover, Tofoni fails to satisfy the relevant § 1782 statutory and discretionary factors.

A.    The Discovery is Not "For Use" In Any Argentine Proceeding.

Applicants must show that § 1782(a) discovery is "for use in a proceeding in a foreign or international tribunal," through specific, non-conclusory assertions. 28 U.S.C. § 1782(a); *see In re*

---

[2] Attached hereto as **Exhibit 6**.

[3] Additionally, because Tofoni now seeks to use the discovery in additional foreign proceedings, such request may require additional notice to all interested parties. *See In re Hanna*, 2025 U.S. Dist. LEXIS 211619, at *15-16 (S.D.N.Y. Oct. 27, 2025) (recommending applicant "serve notice of any amended Section 1782 application" on the subpoena target) (attached hereto as **Exhibit 7**); *see also In re Hornbeam Corp.*, 2015 WL 13647606, at *6 (S.D.N.Y. Sept. 17, 2015) (applicant "was obligated to provide notice to its expected adversaries before issuing subpoenas to third parties"); *Jiangsu S.S. Co. v. Success Superior Ltd.*, 2015 U.S. Dist. LEXIS 18388, at *21 n.1 (S.D.N.Y. Jan. 6, 2015) (collecting cases) (attached hereto as **Exhibit 8**).

*Application of Jagodzinski*, 2019 WL 1112389, at *3 (S.D. Fla. Jan. 15, 2019). A placeholder reservation of use for some later time is insufficient. *See In re Application of SPS Corp I*, 110 F.4th 586, 591 (3d Cir. 2024). Thus, an applicant must provide reliable foreign-law evidence demonstrating use in the foreign tribunal. *In re Valech N. Am., LLC*, 2020 WL 8919124, at *6-7 (S.D. Fla. Dec. 31, 2020). Section 1782 requests must be evaluated with respect to the specific foreign proceeding for which discovery is sought. *SPS Corp I*, 110 F.4th at 591. But Tofoni has failed to show that the discovery materials are "for use" in the Criminal Case—the proceeding he identifies in his opposition brief, supported only by an affidavit from his former counsel, Mr. Castex.

According to Mr. Castex, Tofoni has been recognized as a "complainant" in the Criminal Case and, on that basis, claims *carte blanche* authority to use the § 1782 materials in that case. *See* D.I. 25-1. However, nothing in the record establishes Mr. Castex's qualifications to opine on Argentine criminal procedure, and his declarations do not cite a single Argentine statute or other legal authority supporting that § 1782 discovery materials could be introduced in the Criminal Case. *See generally* D.I 4, 25-1. Further, Mr. Castex's assertions are refuted by Mr. Rusconi, who confirms that no Argentine court has authorized Tofoni to obtain or use these materials in the Criminal Case. Second Rusconi Decl., ¶ 6. Under Argentine criminal procedure, a private complainant cannot unilaterally compel bank records. *Id.* Mr. Rusconi further explains that Argentine courts would likely refuse to admit the banking information obtained by Tofoni. *Id.*, ¶¶ 16-17. Finally, the very foundation of Tofoni's participation in the Criminal Case is now in question. Notably, he secured his designation as "complainant" through misrepresentations to the Argentine court that U.S. judicial authorities had found his claims viable. *Id.*, ¶¶ 7-10.

Because Mr. Castex lacks demonstrated expertise, is no longer Tofoni's counsel, offers no citation to governing law, and is contradicted by credible foreign-counsel testimony, his assertions about the use of Tourprodenter's information in the Criminal Case should not be credited, and Tofoni should not be granted *carte blanche* permission to use the information however he pleases. *See SPS Corp I*, 110 F.4th at 591; *Jagodzinski*, 2019 WL 1112389, at *3.

**B.    The Discretionary *Intel* Factors Weigh Against Expanding Use Beyond the AFA Case.**

At the outset, Tofoni seeks to "circumvent foreign proof-gathering restrictions." *In re Syngenta Crop Prot. AG*, 2022 WL 1690832, at *2 (D. Del. May 26, 2022); *see also In re Gilead Pharmasset LLC*, 2015 WL 1903957, at *4 (D. Del. Apr. 14, 2015) (finding circumvention where applicant bypassed available foreign procedures). Under Argentine criminal procedure, a private complainant cannot unilaterally compel bank records. Second Rusconi Decl., ¶ 6. Rather, such requests must be authorized by a judicial authority upon a showing of relevance and proportionality. *Id.* Additionally, Argentine courts would likely refuse to admit the banking information obtained by Tofoni on the ground that it was obtained in violation of due process and through misrepresentations. *Id*., ¶¶ 16-17.

The remaining discretionary factors also weigh against expansion. First, although Tourprodenter is not a named target in the Criminal Case, its principals are named targets, and Tourprodenter was a target in the 2023 criminal case that Tofoni now seeks to resurrect. Second Rusconi Decl., ¶¶ 5-6; *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The Third Circuit has squarely rejected Tofoni's formalistic reading of whether a respondent is a party to the foreign proceeding. *SPS Corp.*, 110 F.4th at 591-92 (where "discovery sought is . . . in the possession of a party subject to the [foreign] courts' jurisdiction . . . it is obtainable there without § 1782(a) aid."); *accord LeGuide.com SAS v. Google LLC*, 2025 WL 254829, at *4-5 (D.

6

Del. Jan. 21, 2025). Second, Argentine criminal courts will likely exclude the § 1782 materials obtained by Tofoni under Argentine criminal procedure. Second Rusconi Decl., ¶¶ 14-15. In fact, Argentine criminal courts have already opted to request the information directly from U.S. authorities, disregarding some of Tofoni's submitted materials. *Id.* ¶¶ 6, 16-17. Third, Tofoni did not seek targeted discovery from this Court. His subpoenas demand account-level records, KYC materials, and complete transaction histories across eight banks without any subject-matter limitation tying the requests to the AFA Case. This Court recently denied a § 1782 application on precisely that basis. *See LeGuide*.com, 2025 WL 254829, at *4-6.

## III.    TOFONI'S OBJECTIONS TO THE PROPOSED REMEDIAL MEASURES FAIL

Tofoni opposes Tourprodenter's proposed remedial measures, arguing that Tourprodenter waited too long before seeking relief and that the proposed claw-back provisions are burdensome to Tofoni. D.I. 25 at 6-7. Neither of these objections has merit.

On the issue of timing, Tofoni speculates without evidentiary support that the banks notified Tourprodenter of his subpoenas in October 2025. D.I. 25 at 1-2. In reality, Tourprodenter did not learn of Tofoni's misuse of the § 1782 materials until February 2026. Rusconi Decl., ¶ 6. Tourprodenter then promptly retained counsel, contacted Tofoni's counsel, and filed its Motion. Tofoni relies on *Webb v. Butler*, 2021 WL 10364882 (E.D.N.C. Sept. 14, 2021), where the court declined remedial relief after a plaintiff waited over five months with knowledge of misuse before seeking a protective order. D.I. 25 at 6-7. But *Webb* supports Tourprodenter's position: the law requires prompt action upon discovering misuse—precisely what occurred here.[4]

---

[4] Additionally, the misuse of Tourprodenter's information is ongoing. Three additional media articles—published on March 27, April 4, and April 11, 2026—reflect that Tofoni continued to disseminate this information to certain newsletters after Tourprodenter filed its Motion. *See* Exhibits 2-4. He also appears to have submitted the materials to the Central Bank of Argentina in a recent administrative filing. *See* Exhibit 4.

Tofoni's objection that the proposed claw-back provisions are burdensome is conclusory. District courts have broad discretion under Rule 26(c) to craft protective orders preventing the abuse of discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35-36 (1984); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994). That authority applies with equal force in § 1782 proceedings and necessarily encompasses remedial measures—including notification, return, and destruction requirements—where, as here, confidential materials have already been improperly disseminated. *See Cipollone v. Liggett Grp., Inc.*, 822 F.2d 335, 338 n.1 (approving protective order requiring return or destruction of confidential documents and certification of compliance by counsel); *In re Application of Kate*, 646 F. App'x 263, 266 (3d Cir. 2016) (approving use of protective orders to alleviate "concerns about the potential disclosure of confidential information" in § 1782 proceedings).

Here, the proposed order requires Tofoni to take reasonable steps to notify recipients and to retrieve or secure the return or destruction of improperly disclosed materials—standard provisions where confidential information is subject to improper dissemination. *See Kate*, 646 F. App'x at 266; *In re Wilmington Tr. Sec. Litig.*, 2016 WL 9753979, at *11 (D. Del. Aug. 16, 2016) (recognizing protective orders as appropriate to address harm from disclosure of bank information); *Glasstech Inc.*, 2019 U.S. Dist. LEXIS 153506, at *5 (ordering that "all non-public documents produced be maintained as confidential and used solely for the purpose identified in [the] Application"). While complete recovery of the information may no longer be feasible because Tofoni shared the information with third parties, the Court's flexibility in crafting protective orders allows it to contain ongoing harm, regardless of whether a complete remedy remains available. *Pansy*, 23 F.3d at 786-87; *Seattle Times*, 467 U.S. at 36.

Requiring Tofoni to identify the recipients of the improperly disclosed materials, notify them of the Court's protective order, and certify the reasonable steps he has taken to retrieve or secure their return of the information will assist Tourprodenter in curbing further improper dissemination and mitigating harm to its privacy and business interests. At a minimum, it will provide transparency as to the scope of the unauthorized disclosures and enable Tourprodenter to take additional steps to protect its interests where necessary.

## IV.    THE OUTSTANDING SUBPOENAS SHOULD BE QUASHED

Three of the five banks served with the second set of subpoenas issued in this matter have not yet fully produced. D.I. 17. This Court retains authority to "vacate a § 1782 order and quash the subpoenas if the applicant fails to meet the statutory factors or the four *Intel* factors weigh towards quashing the discovery requests." *In re Vestolit GmbH*, 2025 WL 3268436, at *3 (D. Del. Nov. 24, 2025). Here, Tofoni admits that he misrepresented to the Court that he would use the discovery in the AFA Case because "it has not been the appropriate time." D.I. 25-1, ¶ 2. That concession is dispositive. Section 1782 requires a showing of present use in a foreign proceeding—not a blanket reservation for some unspecified "appropriate time." *See SPS Corp I*, 110 F.4th at 591.

Additionally, Tofoni's argument on the burdensomeness of his subpoenas is unpersuasive. He argues the requests are "limited to the types of financial records necessary," D.I. 25 at 8, but his subpoenas in fact demand "all documents" reflecting any transaction with Tourprodenter and "all communications" with the banks over a multi-year period. *See* D.I. 1-3. This Court recently denied a § 1782 application after rejecting nearly identical phrasing, noting it "amount[ed] to a fishing expedition." *In re Zetwerk India Mfg. Bus. Priv. Ltd.*, 2026 WL 608329, at *2 (D. Del. Mar. 4, 2026). And Tofoni's claim that Tourprodenter's overbreadth objection is "largely moot" because most banks have already complied, D.I. 25 at 8, misses the point. Three of the five banks

9

have not yet fully produced. D.I. 17. Moreover, even as to documents already produced, the overbreadth of the requests bears directly on the scope of any ensuing protective order.

Furthermore, Tofoni does not address Tourprodenter's intrusiveness argument. The subpoenas reach the full sweep of Tourprodenter's banking relationships, exposing the private financial affairs of Tourprodenter and its principals. *See Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 115 (3d Cir. 1987) ("Public disclosure of financial information may be personally embarrassing and highly intrusive.").

## CONCLUSION

Based on the foregoing points and authorities, Tourprodenter respectfully requests that the Court grant the relief sought within its Expedited Motion to Quash and For Protective Order, D.I. 26, and deny the relief Tofoni appears to seek in his Opposition, D.I. 25.

Dated:  April 14, 2026

**CHIPMAN BROWN CICERO & COLE, LLP**

 /s/ Gregory E. Stuhlman
Joseph B. Cicero (#4388)

OF COUNSEL:

Gregory E. Stuhlman (#4765)
Samantha Callejas (#7171)

Michael Diaz, Jr.
Javier Coronado Diaz
Isabela Hernandez Peredo Martinez
**DIAZ REUS INTERNATIONAL LAW FIRM**
100 Southeast Second Street, Suite 3400
Miami, Florida 33131
(305) 375-9220

Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
cicero@chipmanbrown.com
stuhlman@chipmanbrown.com
callejas@chipmanbrown.com

*Attorneys for Tourprodenter, LLC*

4926-9579-1265