## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

IN RE PETITION OF GUILLERMO LUIS
TOFONI FOR JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782

Case No. 1:25-cv-01217-RGA

## <u>PETITIONER'S MOTION FOR LEAVE TO FILE A SUR-REPLY</u>

Petitioner respectfully submits this Motion for Leave to File a Sur-reply pursuant to Local Rule 7.1.2 (b) in response to Tourprodenter LLC's Reply in Further Support of its Motion for Protective Order (D.I. 28) (the "Reply").

The Reply and the supporting declaration of Mr. Maximiliano Rusconi introduce new factual allegations that are demonstrably false and/or misleading. Leave to file a five page sur-reply is appropriately granted to allow Petitioner to correct the record on these issues. *See EMC Corp. v. Pure Storage, Inc.,* 154 F. Supp. 3d 81, 103 (D. Del. 2016) (leave appropriately granted where "new evidence, facts, or arguments raised for the first time" in the reply brief); *Choma v. Blue Cross Blue Shield of Del.*, No. CIV.A. 06-486-JJF, 2008 WL 4276546, at *15 (D. Del. Sept. 18, 2008) (leave appropriately granted to "correct a demonstrable inaccuracy."').

The sur-reply would address the following points:

- The Reply asserts that Francisco Castex is not counsel for Petitioner in the Argentine Civil Proceeding and that he resigned as counsel for Petitioner in the criminal proceeding "[a]fter submitting his affidavit in support of" Petitioner's opposition brief and suggests – by noting Castex's "professional" reasons (with the word "professional" in quotations) – that there was some nefarious reason for that resignation. Petitioner will correct the record by explaining that Mr. Castex never represented that he was counsel in those proceedings,

only that he was part of Petitioner's legal team, and that he continues in that role. Moreover, these points have nothing to do with Mr. Castex's credibility or expertise. Nothing in his declaration is false or incorrect.

- The Reply claims that Petitioner made "misrepresentations to the Argentine court that U.S. judicial authorities had found his claims viable." (D.I. 28 at 5). Petitioner will correct the record to show that this is false. Mr. Rusconi appears to rely on media reports about the criminal proceeding, which do not accurately reflect the content of Petitioner's filings. Petitioner will provide a translation of the actual filing to show the absence of any such misrepresentation.

- The Reply asserts that after Tourprodenter's counsel contacted Petitioner to discuss a protective order, Petitioner "continued to disseminate portions of the discovery to the Argentine media … and filed a new administrative petition before the Central Bank of Argentina" (D.I. 28 at 3). Petitioner will correct the record by explaining that both assertions are false. Petitioner has complied with all legal requirements and with his representations to the Court that he would only use the discovery for the pending Argentine proceedings pending a decision on Tourprodenter's motion for protective order. In addition, the administrative petition was filed before the first contact by Tourprodenter's counsel.

- The Reply asserts, for the first time and in reliance on a new declaration by Mr. Rusconi, that the section 1782 "for use" requirement is not satisfied because Tofoni has not yet used the discovery in the Argentine Civil Proceeding and because the evidence is not admissible in Argentina. Petitioner will correct the record by explaining that there is *no prohibition on the use of the discovery in Argentina*, and the law does not require

Petitioner to validate his section 1782 Application by showing that he has already used the requested discovery.

- The Reply asserts that Petitioner violated his duty of candor to the Court by failing to "advis[e] the Court that he could not use the discovery in the [Argentine Civil Proceeding], and without mentioning the [Argentine Criminal Proceeding] or supposed "leaks" to the media. Petitioner will correct the record by explaining the opportunity to use the discovery in the Argentine Civil Proceeding has not "elapsed," as Mr. Rusconi asserts, and instead the discovery *can* and likely *will* be used in the Argentine Civil Proceeding, and that the other matters were not relevant to Petitioner's motion, which merely sought authority to serve additional, identical subpoenas.

- The Reply asserts that not all respondents have complied with the document requests. Petitioner will correct the record by explaining that all discovery targets have now complied, such that the Court need not consider Tourprodenter's burden and overbreadth arguments.

The discovery at issue relates to what Petitioner understands to be a substantial and ongoing massive international criminal scheme. This is not what Petitioner expected to find when he filed the 1782 Application seeking discovery in aid of a contract dispute. It was appropriate in these circumstances for Petitioner to bring this information to the attention of the relevant authorities. It would be unduly burdensome, impractical, and inappropriate to require him to claw back these materials.

Petitioner respectfully submits that these new issues warrant a limited sur-reply to ensure that the Court has the benefit of this information when determining the appropriate scope of any relief.

WHEREFORE, Petitioner respectfully requests leave to file a sur-reply not to exceed five

pages to assist the Court in deciding the pending motion.


**STEVENS & LEE, P.C.**

*/s/ Melissa N. Donimirski*
Melissa N. Donimirski (# 4701)
919 North Market Street, Suite 1300
Wilmington, DE 19801
(302) 654-5180
melissa.donimirski@stevenslee.com

*Counsel for Petitioner*
*Guillermo Luis Tofoni*

**Dated:** April 17, 2026