# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE PETITION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:25-cv-01217-RGA |

## TOURPRODENTER, LLC'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO FILE A SURREPLY

Tourprodenter, LLC ("Tourprodenter") opposes Petitioner's Motion for Leave to File a Sur-Reply, D.I. 29 (the "Motion").

Filed three days after Tourprodenter's Reply, D.I. 28, (the "Reply"), the Motion identifies no material new evidence, facts, or arguments raised for the first time in the Reply and therefore provides no basis for a sur-reply. *See EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (leave to file a sur-reply is disfavored and granted only in such narrow circumstances). Instead, the Motion improperly seeks to reargue Petitioner Guillermo Luis Tofoni's ("Tofoni") Opposition within five pages, attaching new materials that would invite additional briefing, delay resolution of this matter despite its expedited nature, and permit continued misuse of the discovery without limitation in the interim.

Notably, each of Tofoni's six purported "corrections" either repeats arguments raised in Tourprodenter's Expedited Motion to Quash and for Protective Order, D.I. 26, (the "Motion for Protective Order") and ignored in Tofoni's Opposition, D.I. 25, (the "Opposition") or relies on Tofoni's own submissions in the record:

*Mr. Castex's Former Role in Tofoni's Legal Team* (D.I. 29 at 1-2). His prior declaration describes him as "part of the legal team representing Mr. Tofoni" on his claims against AFA. D.I. 4 ¶ 4. The Reply's observation that Mr. Castex is not counsel of record for Tofoni in the AFA Case is not inconsistent with that description and presents no issue warranting further briefing.

Tourprodenter has also reviewed Mr. Castex's resignation in Argentina, and the stated "professional" reasons are precisely as represented in the Reply. There is nothing new or material to address or correct; if anything, the proposed sur-reply would only underscore that Tofoni obtained this Court's authorization to take discovery based on the affidavit of an individual who was not counsel of record in the AFA Case.

*Tofoni's misrepresentations to the Argentine Courts* (D.I. 29 at 2). This is not a new issue meriting a sur-reply. The First Rusconi Declaration identified Tofoni's February 19, 2026 filing before the Argentine criminal court, in which Tofoni represented that U.S. judicial authorities had concluded that his claim was "legally supportable" and that this implied "a prior recognition of standing and of the existence of a possible direct financial harm." D.I. 18-1 at 40-46 ¶ 6. *See also* D.I. 26 at 5 ¶ 12. Tourprodenter has reviewed the February 19, 2026 filing in Argentina, and confirms that it contains the representations described in the Rusconi Declaration. Tofoni had the opportunity to address this issue in his Opposition but chose not to—and cannot use a sur-reply to do so now.

*Tofoni's Continued dissemination of discovery materials in Argentina* (D.I. 29 at 2). Nor is this a new issue. Tourprodenter raised this conduct in its Motion for Protective Order. D.I. 26 ¶¶ 11-17. Tofoni did not contest it in his Opposition. The Reply addressed the continued publications and Tofoni's reported administrative complaint in response to his contention that the Court's intervention is now moot and that all use has been limited to the proceedings authorized by this Court. *See D*.I. 28 at 2-3, 7 n.4; 28-1 at 19-107.

*Section 1782's "for use" requirement* (D.I. 29 at 2-3)*.* This issue was not raised for the first time in the Reply. Tourprodenter raised the point in its Motion for Protective Order, supported by the First Rusconi Declaration, D.I. 26 at 5 ¶ 10; 40-41 ¶ 9 (no Tourprodenter financial

2

documents submitted in the AFA Case).  The argument in the Reply regarding the Section 1782 "for use" requirement also rests on Tofoni's own submission: the Second Castex Declaration concedes that the AFA Case "is not currently in the appropriate procedural posture for Mr. Tofoni to use the discovery."  D.I. 25-1 at 2 ¶ 2.

Status of Compliance with Tofoni's Subpoenas (D.I. 29 at 3).  This issue was raised in Tourprodenter's Motion for Protective Order and again in its Reply based on Tofoni's own representation to the Court.  On March 17, 2026, Tofoni's counsel stated that "[r]esponses to three of the five subpoenas are outstanding."  D.I. 17.  Tourprodenter relied on that representation in its motion and Reply.  D.I. 26 at 8 ¶ 21; D.I. 28 at 9.  To the extent Tofoni now claims that compliance has been completed, that development does not justify a sur-reply or render Tourprodenter's motion moot.  If anything, it underscores the need for prompt resolution of Tourprodenter's request for protective and remedial relief.

The Motion's statements about an ongoing criminal scheme (D.I. 29 at 3).  These assertions are neither new nor supported.  Tofoni advanced the same narrative in his Opposition, D.I. 25 at 2, 5, and Tourprodenter addressed it in its Reply.  D.I. 28 at 1–3, 5–7.  No court has made any such finding, no charges have been filed against Tourprodenter or its principals, and no evidence substantiates the claim.  Such unsupported and inflammatory assertions are improper and do not warrant further briefing.  Rather, they underscore the risk that Tofoni is taking Tourprodenter's financial information out of context and deploying it in unauthorized proceedings and media campaigns—the very conduct Tourprodenter's Motion for Protective Order seeks to prevent.

Because Tofoni's Motion identifies no good cause for further briefing—and instead seeks to needlessly prolong an expedited matter while the misuse of the Section 1782 discovery continues—it should be denied.  See EMC Corp., 154 F. Supp. at 103.

Dated:  April 20, 2026

OF COUNSEL:

Michael Diaz, Jr.
Javier Coronado Diaz
Isabela Hernandez Peredo Martinez
**DIAZ REUS INTERNATIONAL LAW FIRM**
100 S.E. Second Street, Suite 3400
Miami, FL 33131
(305) 375-9220

**CHIPMAN BROWN CICERO & COLE, LLP**

 /s/ Gregory E. Stuhlman
Joseph B. Cicero (#4388)
Gregory E. Stuhlman (#4765)
Samantha Callejas (#7171)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
cicero@chipmanbrown.com
stuhlman@chipmanbrown.com
callejas@chipmanbrown.com

*Attorneys for Tourprodenter, LLC*

4912-8286-1219

4