**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

IN RE APPLICATION OF GUILLERMO
LUIS TOFONI FOR JUDICIAL
ASSISTANCE PURSUANT TO 28 U.S.C. §
1782

Case No. 1:25-cv-01217-RGA

**PETITIONER GUILLERMO LUIS TOFONI'S REPLY IN SUPPORT**
**OF PETITIONER'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Since the first meet and confer with counsel for Tourprodenter, Petitioner has always made clear that he does not oppose the entry of a reasonable protective order. Petitioner has consistently objected only to two aspects of Tourprodenter's proposal: that it operate retroactively, and that it limit the use of discovery to the original proceeding for which discovery was sought. Tourprodenter chose not to engage with further discussions and move for a protective order, and now mischaracterizes the subsequent necessary briefing as "purposeful delay." To help clarify certain issues so the Court may reach its decision, Petitioner states as follows:

*Francisco Castex is, and has always been, part of Mr. Tofoni's legal team.* In the Reply, Tourprodenter attempted to cast doubt on the credibility of declarant Francisco Castex by newly characterizing him as "former counsel," asserting that he is not counsel of record in Mr. Tofoni's civil claim against the Argentine Football Association (the "Argentine Civil Proceeding"), and by insinuating improprieties due to his resignation as counsel in the Criminal Proceeding initiated by Mr. Tofoni against certain AFA and Tourprodenter executives (the "Argentine Criminal Proceeding"). D.I. 28 at 2. These insinuations are new and unfounded, and are relevant because they are directly related to Mr. Castex's credibility. They need to be corrected through a sur-reply which will provide context as to Mr. Castex's ongoing role in the broader legal team representing Mr. Tofoni.

The foregoing is demonstrated by the fact that Mr. Castex signed the submission in which Respondent claims that Petitioner made "misrepresentations" to the Argentine court by suggesting that U.S. judicial authorities found his claims "viable." It is also notable that the submission was intended solely to provide procedural context to the Argentine court for the granting of Petitioner's § 1782 application, simply explaining that this Court determined Petitioner to be an "interested person" and concluded that the statutory requirements were satisfied. It did not purport to reflect a merits determination by a U.S. court. The filing is confidential under Argentine law, but Petitioner stands ready to provide it to the Court for *in camera* review, and an additional declaration by Mr. Castex accompanying Mr. Tofoni's sur-reply will include a translation of the relevant passage.

*The "continued publications" are new facts warranting clarifications.* The Reply alleged that after Tourprodenter's counsel contacted Petitioner regarding a protective order, Petitioner continued to disseminate discovery materials to the Argentine media and filed a new administrative petition before the Central Bank of Argentina. These are new facts, and the sur-reply is necessary to show that Petitioner has complied with his prior representations to this Court that discovery would be used only for pending Argentine proceedings while Respondent's motion for a protective order remained unresolved. D.I. 20 at 2.

*The "for use" legal argument had not been previously raised.* The First Rusconi declaration merely stated that the documents had not yet been submitted in the AFA case and that they had been used in the criminal proceeding. D.I. 18-1 at 5-6. Tourprodenter's Reply raises a new legal argument, stating that the documents are inadmissible in Argentina because they cannot be obtained there and because the time to use them has passed. The sur-reply is necessary to address that Tourprodenter's statements are inaccurate, do not meaningfully identify any

prohibition on the use of the discovery in Argentina and that Petitioner is permitted to present the evidence obtained.

*Status of subpoena compliance is a new factual development.* A brief sur-reply is necessary to update the Court on the status of compliance with the subpoenas, to clarify that all discovery targets have now complied, such that Respondent's burden and overbreadth arguments are no longer implicated.

STEVENS & LEE, P.C.

*/s/ Melissa N. Donimirski*

Melissa N. Donimirski (#4701)
919 North Market Street, Suite 1300
Wilmington, DE 19801
(302) 654-5180
melissa.donimirski@stevenslee.com

*Counsel for Petitioner*
*Guillermo Luis Tofoni*

**Dated:** April 22, 2026

3