**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE APPLICATION OF GUILLERMO LUIS TOFONI FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

Civil Action No. 25-1217-RGA

MEMORANDUM ORDER

Before me is intervenor Tourprodenter's Expedited Motion to Quash Subpoenas and for Protective Order. (D.I. 26). I have considered the parties' briefing. (D.I. 26, 25, 28).[1] Mr. Tofoni filed a Motion for Leave to File a Sur-Reply (D.I. 29), which the parties briefed as well (D.I. 29, 31, 34). For the reasons set forth below, the Expedited Motion to Quash Subpoenas and for Protective Order is GRANTED-IN-PART and DENIED-IN-PART, and the Motion for Leave to file a Sur-Reply is DISMISSED as moot.

## I. BACKGROUND

On October 6, 2025, Guillermo Luis Tofoni (Mr. Tofoni) filed an *ex parte* petition in this court[2] for an order pursuant to 28 U.S.C. § 1782 for authorization to serve subpoenas (October 2025 Subpoenas) on three banks. (D.I. 1 at 1; *see* D.I. 5; D.I. 5-7; D.I. 26 at 4). The purpose of Mr. Tofoni's petition was to obtain discovery in connection with a pending Argentine legal proceeding (AFA Case), a contract dispute between Mr. Tofoni and the Argentine Football Association (AFA).[3] (D.I. 1 at 1; D.I. 3 at 1–2). Mr. Tofoni alleged that AFA breached a contract

[1] The chronological order of the filings is not reflected by the assigned docket numbers.

[2] Mr. Tofoni filed a parallel petition in the United States District Court for the Middle District of Georgia to subpoena a bank located there. *In re Tofoni*, Case No. 4:25-cv-313-CDL (M.D. Ga.).

[3] *Tofoni, Guillermo Luis c/ Asociación de Fútbol Argentino A.F.A. s/ Cumplimiento de Contrato* (expediente CIV 084904/2023), filed in Juzgado Nacional de Primera Instancia en lo Comercial Número 8, the first instance court for commercial matters in Argentina.

it had with him by arranging "friendly matches" between the Argentine national football[4] team and other countries, with AFA's take from these matches being on at least one occasion collected by Tourprodenter, LLC (Tourprodenter). (D.I. 3 at 3, 6–7). I granted the petition. (D.I. 6). In January 2026, Mr. Tofoni petitioned for authorization to issue additional subpoenas (January 2026 Subpoenas) to additional banks. (D.I. 7). I granted this petition as well. (D.I. 9).

On March 23, 2026, Tourprodenter moved to intervene in this case. (D.I. 18). I granted that motion. (D.I. 21). Tourprodenter asserts that in December 2025, Mr. Tofoni used the materials obtained from this § 1782 proceeding to file a criminal case against Tourprodenter's principals and other individuals. (D.I. 26 ¶¶ 11–14). Tourprodenter also accuses Mr. Tofoni of leaking its materials to various Argentine media outlets. (*Id.* ¶¶ 15–17, 19).

Tourprodenter now moves for entry of a protective order governing the use and dissemination of Tourprodenter's banking materials obtained through this proceeding, including reasonable remedial measures to address the dissemination of materials already obtained through these subpoenas. (D.I. 26 at 1). It also moves to quash the January 2026 Subpoenas. (*Id.*).[5]

## II. DISCUSSION

### A. Protective Order

Under Rule 26(c)(1), as incorporated by 28 U.S.C. § 1782, the court, "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including orders "forbidding the disclosure or discovery," "limiting the scope of disclosure or discovery to certain matters," or "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a

4 "Football" is usually referred to in the United States as "soccer."

5 Tourprodenter sought expedited briefing for this motion as well. (D.I. 26 at 1). That issue is now moot.

specified way." FED. R. CIV. P. 26(c)(1)(A), (D), (G). A protective order requires "good cause"—"a showing that disclosure will work a clearly defined and serious injury to the party seeking closure," demonstrated "with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *Id.* Where the injury is concrete and documented, courts have "a great deal of flexibility in crafting the contents of protective orders to minimize the negative consequences of disclosure." *Id.* at 787.

Tourprodenter has requested a protective order to safeguard its banking materials. (D.I. 26 at 13–14). This includes confidential information such as "account-opening forms, signature cards, and bank statements" provided in an Argentine criminal proceeding (*id.* ¶ 13), as well as bank accounts and account numbers, transfer amounts and transaction patterns, and the identities of incoming and outgoing counterparties, publicized through Argentine media sources (*id.* ¶¶ 15–16). There is clearly good cause for a protective order. The Third Circuit has "previously suggested that there are privacy interests in certain financial information." *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 115 (3d Cir. 1987) (citing *DeMasi v. Weiss*, 669 F.2d 114, 120 (3d Cir. 1982)) (recognizing such privacy interests in the context of hiring). "[P]ublic disclosure of financial information may be personally embarrassing and highly intrusive." *Id.* (quoting *Barry v. City of New York*, 712 F.2d 1554, 1561 (2d Cir. 1983), *cert. denied*, 464 U.S. 1017 (1983)). Tourprodenter is a private commercial party, which weighs "in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788. Its banking information is being used and disclosed for purposes beyond the AFA Case. Furthermore, Mr. Tofoni does not oppose Tourprodenter's request for entry of a protective order. (D.I. 25 at 3). I see no reason not to issue a protective order.

Mr. Tofoni, however, objects to three components of Tourprodenter's proposed protective order: (1) whether the protective order should apply retroactively to already disseminated materials, (2) whether Mr. Tofoni may use materials obtained here in proceedings other than the AFA Case, (3) and whether language in the protective order that purportedly accuses Mr. Tofoni of wrongdoing should be removed. (*Id.*; *see* D.I. 25-2 Ex. 2 (redline comparing the Tourprodenter's and Mr. Tofoni's proposed protective orders)). I address each dispute in turn.

**1. Retroactive application**

First, the parties disagree on whether the protective order should apply retroactively, *i.e.*, whether the order should impose remedial measures addressing the Tourprodenter materials already disclosed outside the AFA Case. (D.I. 26 at 17–19; D.I. 25 at 5–7; D.I. 28 at 7–9; *compare* D.I. 26 Ex. 1 [hereinafter Tourprodenter PPO] ¶ 10, *with* D.I. 25-3 [hereinafter Tofoni PPO] (removing a provision on remedial measures)). Mr. Tofoni opposes retroactive relief because Tourprodenter did not object to the subpoenas sooner, the disseminated materials cannot be completely recovered, and the proposed measures would be too burdensome. (D.I. 25 at 6–7).

These objections are unavailing. There is no delay here that weighs against implementing remedial measures. In *Webb v. Butler*, 2021 WL 10364882, at *2 (E.D.N.C. Sept. 14, 2021), the court declined remedial relief because the party "waited over five months . . . before seeking a ruling on the motion for protective order." *Id.* at *2. Mr. Tofoni states that Tourprodenter had notice of the § 1782 petition as of October 2025 but provides no support for this assertion. (D.I at 1–2). Tourprodenter represents that it had no notice when the subpoenas were issued and acted promptly upon discovering its banking materials had been disclosed against its will. (D.I. 26 at 17; D.I. 28 at 7; *see also In re Tofoni*, 2026 WL 1135885, at *1 n.1 (M.D. Ga. Apr. 27, 2026) (Tourprodenter representing the same lack of notice in the parallel § 1782 action)).

Moreover, I think Tourprodenter's proposed remedial measures are reasonable. While complete recovery of all materials is likely infeasible, that is not what the claw-back provision mandates. This provision only requires Mr. Tofoni to take reasonable steps to notify recipients and to retrieve or secure the return or destruction of improperly disclosed materials. (Tourprodenter PPO ¶ 10). Courts have previously entered protective orders with similar remedial provisions. *See, e.g.*, *Cipollone v. Liggett Grp., Inc.*, 822 F.2d 335, 338 n.1 (3d Cir. 1987) (requiring those in possession of protected materials, after conclusion of case, to return or destroy such materials and provide certification of compliance). I will not delete this provision from the protective order.

**2. Other proceedings**

Second, the parties contest whether Mr. Tofoni should be permitted to use the materials obtained here in proceedings other than the AFA Case. (D.I. 25 at 5–6; D.I. 28 at 3–7; *compare* Tourprodenter PPO ¶¶ 5, 7–8, 11, *with* Tofoni PPO ¶¶ 5, 7–8, 10 (enlarging scope of Tourprodenter materials use from specifically the AFA Case to purposes authorized by or proceedings contemplated by 28 U.S.C. § 1782)). Mr. Tofoni argues that any protective order entered should permit him "to use documents produced here in connection with any proceeding in Argentina that falls within the scope and purpose of § 1782." (D.I. 25 at 5–6). He focuses on his use of such documents in Argentine criminal proceedings, which he maintains was proper. (*Id.*). His position seems to be that discovery "for use" in *any* Argentine tribunal would be proper under § 1782. (*Id.* at 5; *see generally* Tofoni PPO).

Section 1782 of Title 28 "gives federal district courts the discretion to order discovery for foreign litigants, subject to three conditions: (1) the person from whom discovery is sought 'resides or is found' within the district; (2) the discovery is 'for use in a proceeding in a foreign or

international tribunal'; and (3) the application is made by an 'interested person.'" *SPS Corp I, Fundo de Investimento em Direitos Creditórios Não Padronizados v. Gen. Motors Co.*, 110 F.4th 586, 590–91 (3d Cir. 2024) (quoting 28 U.S.C. § 1782(a)). I must confirm all requirements of § 1782 are met before turning to the discretionary *Intel* factors. *Id.* at 591 (referring to *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)). "To comply with the 'for use' requirement, a foreign proceeding related to the § 1782 application must be 'within reasonable contemplation.'" *Id.* (quoting *Intel*, 542 U.S. at 259). The proceeding "must be more than speculative, however, and a district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Id.* (cleaned up). In other words, discovery obtained through § 1782 can be used in a limited set of proceedings.

Mr. Tofoni's use of Tourprodenter materials in Argentine criminal proceedings is far beyond the scope of what Mr. Tofoni requested in the § 1782 petition and is therefore improper. According to his petition, Mr. Tofoni sought discovery specifically for the AFA Case. (D.I. 1, 3). It is not "within reasonable contemplation" that documents disclosed to resolve a contract dispute would be used in unrelated criminal proceedings. In fact, Mr. Tofoni says he filed a criminal case in response to reviewing the contents of the Tourprodenter materials. (D.I. 25 at 2).[6] Thus, Mr. Tofoni's briefing itself indicates the criminal proceeding could not have been reasonably contemplated at the time Mr. Tofoni submitted his § 1782 petition. Mr. Tofoni's desired uses of Tourprodenter materials, as stated in his proposed protective order (*see, e.g.*, Tofoni PPO ¶¶ 5, 7–

---

6 "When Mr. Tofoni reviewed those productions, he realized that they revealed a massive criminal scheme through which individuals associated with AFA appeared to be fraudulently moving, laundering and stealing AFA funds and violating Argentine tax and foreign exchange regulations." (D.I. 25 at 2).

8, 10)), do not meet the requirements of § 1782 and are not authorized. I do not reach the discretionary *Intel* factors.

Considering Mr. Tofoni's overexpansive view of § 1782 and how he used the Tourprodenter materials, I find it prudent to adopt Tourprodenter's proposed protective order language, which limits the use of any discovery in this Court only to the AFA Case. If he wishes to use the materials for another purpose, he should file a new § 1782 application.

**3. Accusatory, purposeless language**

Finally, Mr. Tofoni seeks to remove language from Tourprodenter's proposed protective order because it "falsely accuses Mr. Tofoni of wrongdoing and serves no other purpose." (D.I. 25 at 3; *see also id.* at 7 (asserting no misconduct because "no protective order or use restriction existed"); *compare* Tourprodenter PPO ¶¶ 2, 10, *with* Tofoni PPO ¶¶ 2 (removing language such as "to prevent misuse or public dissemination of such information" and "[t]o the extent Tofoni has disclosed Tourprodenter's Materials obtained pursuant to subpoenas issued in this proceeding to persons not authorized under this Order")).

I disagree. "Prevent[ing] misuse or public dissemination" shows good cause and demonstrates the need for a protective order, especially as Tourprodenter's banking information has already been disseminated publicly. Similarly, the language addressing remedial steps for Mr. Tofoni to take is conditional and does not assume any such misconduct occurred.[7] The challenged language serves the purpose of addressing the tangible harm Tourprodenter has suffered and is not accusatory.

* * *

[7] This is not to say that Mr. Tofoni has not disclosed information to third parties. It is clear he has done precisely that. He does not deny performing these actions. He only contests whether such conduct was unauthorized.

I therefore reject all of Mr. Tofoni's proposed edits to the protective order and enter Tourprodenter's proposed protective order as is.[8]

**B. Motion to Quash**

Section 1782 discovery proceeds "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). The court "may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(d)(3)(B). "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of Rule 45 are satisfied." *Malibu Media, LLC v. John Does 1–15*, 2012 WL 3089383, at *5 (E.D. Pa. 2012). "Courts have described this as a heavy burden." *Id.* The court may "exercise its discretion to decline to narrow Petitioner's requests," *In re Zetwerk India Mfg. Bus. Priv. Ltd.*, 2026 WL 608329, at *2 (D. Del. Mar. 4, 2026) (citing cases), or it may "modify the subpoenas accordingly," *In re Eni S.p.A.*, 2021 WL 1063390, at *5 (D. Del. Mar. 19, 2021).; *see also Intel*, 542 U.S. at 265 (noting that "unduly intrusive or burdensome requests may be rejected or trimmed").

Tourprodenter moves to quash the January 2026 Subpoenas for two reasons: (1) They are overbroad and untethered to the AFA Case (D.I. 26 at 9–12), and (2) the requested materials contain confidential commercial information (*id.* at 12–13). Tourprodenter's view seems to be that if Mr. Tofoni had a legitimate need for discovery under § 1782 for the AFA Case, he would

---

[8] There are additional slight differences between the two proposed protective orders. (*See generally* D.I. 25-2 Ex. 2). I do not see any areas of substantive disagreement in the minor differences, nor do the parties raise any such issues. (*See generally* D.I. 25, D.I. 28).

have already introduced those materials in that case. (D.I. 28 at 9). As of March 2026, Mr. Tofoni "had not filed any § 1782 materials in the AFA Case." (D.I. 26 at 15–16 (citing D.I. 26 Ex. 3 ¶ 9)). This, according to Tourprodenter, is evidence that Mr. Tofoni "misrepresented to the Court that he would use the discovery in the AFA Case." (D.I. 28 at 9). As an alternative to quashing, Tourprodenter asks that I modify the subpoenas "to reflect the actual scope of the AFA case" or condition the subpoenas "on entry of a protective order that confines any production to the AFA Case and prohibits the dissemination of confidential financial records to the media or for use in any proceeding not previously authorized." (D.I. 26 at 12–13).

I disagree that the subpoenas are spurious. They appear to have a legitimate purpose: obtaining evidence for use in the AFA Case, specifically "to prove Mr. Tofoni's damages resulting from AFA's contractual breaches, and later to enforce a favorable judgment." (D.I. 3 at 9). The fact that Mr. Tofoni did not immediately use the Tourprodenter materials in the AFA Case does not negate his need for such discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). I think it is unreasonable to expect a foreign litigant to use all materials obtained through a § 1782 petition in a proceeding, especially in a narrow window of time shortly after obtaining the materials. I decline to quash the subpoenas.

Tourprodenter contends that Mr. Tofoni's document requests are "unduly intrusive." (D.I. 26 at 9–11 (citing *In re Zetwerk India Mfg. Bus. Priv. Ltd.*, 2026 WL 608329, at *2 (D. Del. Mar. 4, 2026))). All the requests on their face demand documents of all Tourprodenter's and affiliated persons' accounts, including all transactions and communications. (D.I. 5-7 Ex. 7 at 5; *see* D.I. 26 at 9–11). They contain no language cabining the scope of discovery to the AFA Case.

That said, I think it is clear from context that the subpoenas were intended for the limited purposes described in the Petition. (*See In re Tofoni*, Case No. 4:25-cv-313-CDL (M.D. Ga.), D.I. 3). I reiterate that limitation here. Moreover, the protective order limits Mr. Tofoni's use of Tourprodenter's materials to only the AFA Case. As Tourprodenter requests, I condition the subpoenas "on entry of a protective order that confines any production to the AFA Case and prohibits the dissemination of confidential financial records to the media or for use in any proceeding not previously authorized." (D.I. 26 at 13). This measure should provide Tourprodenter sufficient protection of its materials while allowing Mr. Tofoni to pursue evidence necessary for the AFA Case. (*See* D.I. 25 at 8 (Mr. Tofoni arguing that narrowing the subpoenas would hinder evidence procurement for the AFA Case)).[9]

## III. CONCLUSION

For the foregoing reasons, the Motion to Quash Subpoenas and for Protective Order (D.I. 26) is GRANTED-IN-PART as to entering a protective order (*see* Tourprodenter PPO) and DENIED-IN-PART as to quashing subpoenas. The Motion for Leave to file a Sur-Reply (D.I. 29) is DISMISSED as moot.

IT IS SO ORDERED.

Entered this 26th day of October, 2026

[signature]
United States District Judge

---

9 This is the same posture reached in the parallel Georgia case. *In re Tofoni*, 2026 WL 1135885 (M.D. Ga. Apr. 27, 2026).